Donna Denise FRANCIS and Maryland
American General Insurance Com-
pany, Appellants,

v.

Edward DAVIS, Jr., Appellee.

No. 7625.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 27, 1974.

O. L. Knutson, Richard W. Ewing, Houston, George Sladczyk, Jr., Port Arthur, for appellants.

Orgain, Bell & Tucker, Beaumont, for appellee.

DIES, Chief Justice.

Plaintiff, Donna Francis, filed suit against defendant, Edward Davis, for personal injuries and vehicle damage arising out of an automobile collision. Davis, as cross-plaintiff, filed a cross action against Francis for damages to his vehicle. Intervenor, Maryland General Insurance Company, filed a petition in intervention against Davis to recover $1,700 paid Francis as the latter's auto collision carrier. Thereafter, Francis for a consideration of $1,396 released her personal injury claim against Davis via a written release. A take nothing judgment was entered which provided:

"The Court finds that the intervenor desires to pursue its cross-action. Therefore, prior to trial, the Court severed the intervention and cross-action from the action of the plaintiff. The Clerk is ordered to set up the severed action under a separate docket sheet and Cause No. E–99, 366(A). It is ORDERED that the intervention and cross-action be and the same is hereby severed."

Thereafter the "severed" cause [E–99, 366(A)] was tried to a jury which fixed responsibility for the collision on Francis.

A judgment was entered for Davis for $1,080.56 damage on his cross action against Francis and denying Maryland Insurance's claim of intervention. It is from this judgment Maryland appeals contending that the "severance" by the court was improper and that the settlement by Davis with Francis fixed his liability for the automobile collision. Maryland has two points, but essentially each makes these contentions.

Maryland cites Traders & General Insurance Company v. Richardson, 387 S.W. 2d 478 (Tex.Civ.App.—Beaumont 1965, writ ref'd). There plaintiff, Traders & General Insurance Company, insured a truck owned by Jack and George Haflin, d/b/a Jack's Refrigeration. This truck was damaged in a collision with Martha Richardson in November, 1960. Plaintiff paid $1,304.50 for such damages and was subrogated to the rights of Jack and George Haflin. In May, 1961, Jack and George sued Martha Richardson alleging "plaintiffs" sustained injuries and damages in the sum of $35,000. Traders & General had notice of this suit but did not intervene and was not impleaded. In July 1962, Jack and George settled for $4,750 and a take nothing judgment was entered against Martha. In November, 1962, Traders & General sued Martha.

The court (page 479) held that there was one cause of action arising out of the collision between Jack and Martha, which included Jack's personal injuries and property damage to the truck. "The splitting of the cause of action for damages under the circumstances in this case is not permitted under the law of this state." (page 479)

The soundness of this doctrine cannot be questioned. Traders & General knew of the lawsuit and could have asserted its cause by intervention. There is no reason to permit two court contests when one only is necessary.

But to apply the same rule in our case would be counter productive and ac-

tually encourage litigation rather than settlement. The law has always favored voluntary settlements of controversial issues. Davenport v. Shepard, 197 S.W. 729 (Tex.Civ.App.—Beaumont 1917, writ ref'd). See Triton Insurance Company v. Garner, 460 S.W.2d 262 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.), and cases cited therein, at page 265:

> "It is not difficult to envision a case wherein parties may be willing to settle their claims involving property damage (which has a rather definite ceiling) but cannot agree upon the evaluation of personal injuries, the amount of which is not susceptible of quite such precise determination."

If we here follow Maryland's desire, it might very well force parties to litigate what they desire and believe prudent to settle. We recognize Maryland has a point in declaring that after the settlement its insured no longer had much interest in the lawsuit. But deposition evidence which was available should minimize this problem.

Appellant's points are overruled. The judgment of the trial court is affirmed.