**In re Carole BISHOP and Roger Herrera, Relators.**

No. 10–99–283–CV.

Court of Appeals of Texas, Waco.

Dec. 10, 1999.

Veronica Ann Deaver, McKinney, for Relator Carole Bishop.

Gary Harrison, Palmer, for Relator Roger Herrera.

Bob Carroll, Waxahachie, for Respondent.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Relators Carole Bishop and Roger Herrera ask this Court to issue a writ of mandamus against Respondent, the Honorable Bob Carroll, Judge of the County Court at Law of Ellis County. Relators request that we order Respondent under sections 263.401 and 263.402 of the Family Code either to dismiss a suit affecting the parent-child relationship filed against them by the Department of Protective and Regulatory Services ("DPRS") or to order DPRS to return their children to them. We will conditionally grant in part the relief requested.

## BACKGROUND

Bishop is the mother of the four children who are the subjects of the underlying suit. Herrera is the father of the youngest two of them, C.A.H. and S.J.H. The father of the eldest child, A.N.W., is deceased. The paternity of the other child, C.A.W., is uncertain. Respondent named DPRS temporary managing conservator of all the children except S.J.H. in an order rendered on September 14, 1998. Respondent named DPRS temporary managing conservator of S.J.H. in an order rendered in a separate proceeding on October 19, 1998, two days after his birth. Respondent consolidated the proceeding involving S.J.H. into the proceeding involving the other children on October 29.

Respondent conducted a permanency hearing on April 1, 1999. *See* TEX. FAM. CODE ANN. § 263.305 (Vernon Supp.2000). Respondent's order following that hearing provides in part:

**IT IS THEREFORE ORDERED**, pursuant to § 263.401(b)(1), Tex. Fam.Code, that this suit shall be dismissed on **dates set by amended scheduling order** which date is not later than 180 days following the date this temporary order is rendered, unless a final order is rendered by that date. No additional extensions will be granted.

*Id.* § 263.401(b) (Vernon Supp.2000). An amended scheduling order dated April 1 set the case for non-jury trial on August 3 but did not contain a dismissal date.

Bishop filed a request for jury trial and tendered her jury fee on July 2. DPRS filed a motion for continuance which Respondent heard on July 15. At the hearing, counsel for DPRS explained that she would be attending a continuing legal education program during the week of August 3 and asked Respondent to "postpone this trial." Counsel requested an October setting and stated, "We would have to ask for an extension" to avoid the one-year dis-

missal otherwise required by section 263.401.[1] *Id.* § 263.401(a) (Vernon Supp. 2000). Respondent questioned why counsel had not noticed the scheduling conflict earlier then stated, "I don't have a problem with granting a continuance for good cause." Respondent signed an order on July 15 setting the case for pretrial hearing on September 16 and jury trial on October 5. This order was "approved" by the signature of attorneys for all parties to the suit.

Respondent conducted the pretrial hearing on September 16 as scheduled. On September 21, Relators filed a motion to dismiss the case under section 263.401. Relators' motion directed Respondent's attention to the fact that he had first rendered an order naming DPRS temporary managing conservator of the three oldest children on September 14, 1998. Thus, they argued that Respondent must dismiss the suit under section 263.401(a) because September 20, 1999 was "the first Monday after the first anniversary of the date the court rendered" its September 14, 1998 order and Respondent had not "rendered a final order" in the case or "granted an extension" under section 263.401(b). *Id.*

Respondent heard the motion to dismiss on September 30. DPRS argued that Respondent's July 15 order rescheduling the trial setting to October 5 constitutes an extension order satisfying the requirements of section 263.401(b). Thus, DPRS contended that Respondent had "granted an extension" under that section before September 20, 1999 and the dismissal requirement of section 263.401(a) did not apply. *Id.* DPRS also argued that Respondent had authority under section 263.402 to retain jurisdiction over the suit if the court found that retaining jurisdiction was in the best interest of the children. *See* TEX. FAM.CODE ANN. § 263.402 (Vernon Supp.2000).

---

1. Hereinafter, the term "section" refers to a section of the Family Code unless otherwise indicated.

Respondent denied Relators' motion to dismiss, signed an extension order under section 263.401(b), and instructed the parties to appear for trial as scheduled the following Tuesday. Respondent's September 30 order provides in part:

> On July 15, 1999, the State requested an extension of the dismissal date then pending pursuant to section 263.401(b) of the Texas Family Code. The Court granted that extension on that date and now enters this order setting a new dismissal date and continuing the temporary orders.

The order recites that continuing DPRS as temporary managing conservator is in the best interest of the children. *Id.* § 263.401(b). It sets a dismissal date of March 3, 2000. *Id.* § 263.401(b)(1).

### PERTINENT LAW

■ "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding) (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding)). When the trial court's decision rests on the resolution of factual issues or matters committed to the court's discretion, "[t]he relator must establish that the trial court could reasonably have reached only one decision." *Id.* at 839–40.

On the other hand, review of a trial court's determination of the legal principles controlling its ruling is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.* at 840.

■ Although the relator generally must establish that she has no adequate remedy by appeal, the Supreme Court has recognized that an appeal "is frequently inadequate to protect the rights of parents and children" in suits affecting the parent-child relationship. *Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex.1987) (orig.proceeding). "Justice demands a speedy resolution of child custody and child support issues." *Id.*

In 1996, Governor Bush established the Governor's Committee to Promote Adoption. Tex. Gov. Exec. Order No. GWB 96–7 (1996), *reprinted in* GOVERNOR'S COMMITTEE TO PROMOTE ADOPTION, FINAL REPORT app. (Sept.1996). The Governor charged this committee with the task of "identifying ways to reduce legal, judicial and administrative barriers to adoption" for children in the custody of DPRS. GOVERNOR'S COMMITTEE TO PROMOTE ADOPTION, FINAL REPORT app. According to the data on which the Governor's Committee relied, approximately 1,400 children in the custody of DPRS were eligible for adoption as of July 31, 1996. Of these 1,400 children, about one-third had been waiting more than two years to be adopted and sixteen percent had been waiting more than three years. In addition, about 2,300 children in foster care still awaited termination of parental rights as a prerequisite for adoption eligibility. GOVERNOR'S COMMITTEE TO PROMOTE ADOPTION, FINAL REPORT at 6.

The Governor's Committee made the following recommendation pertinent to this case:

> 1. For children in [D]PRS conservatorship, require concurrent planning with clearly defined responsibilities and deadlines for the birth parents and either termination of parental rights or reunification with the family within 12 months of removal.

*Id.* at 19.

The 75th Legislature amended the Family Code "to reflect the changes suggested" by the Governor's Committee. *See* HOUSE COMM. ON JUVENILE JUSTICE & FAMILY ISSUES, BILL ANALYSIS, Tex. S.B. 181, 75th Leg., R.S. (1997). Senate Bill 181 made significant amendments to the provisions of the

Family Code concerning suits affecting the parent-child relationship in which DPRS is managing conservator. *See* Act of May 28, 1997, 75th Leg., R.S., ch. 603, 1997 Tex. Gen. Laws 2119.[2]

To emphasize the need for permanence for children in these cases, the legislature amended chapter 263, subchapter D of the Family Code to change all statutory references to the hearings in which the trial court reviews the status of the child and any progress made by the parents toward reunification from "review hearings," as they were formerly denominated, to "permanency hearings." *Id.* at 2120–23. The legislature also added section 263.3025 which requires DPRS to "prepare a permanency plan" for the child "not later than the 10th day before the date of the child's first permanency hearing." TEX. FAM.CODE ANN. § 263.3025 (Vernon Supp.2000).

The legislature enacted chapter 263, subchapter E to carry out the recommendation of the Governor's Committee that parental rights be terminated or families reunified within twelve months. TEX. FAM. CODE ANN. §§ 263.401–263.404 (Vernon Supp.2000). Sections 263.401 and 263.402 provide the procedures for meeting this twelve-month goal. These sections provide in pertinent part:

### § 263.401. Dismissal After One Year; Extension

(a) Unless the court has rendered a final order or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

(b) On or before the time described by Subsection (a) for the dismissal of the suit, the court may extend the court's jurisdiction of the suit for a period stated in the extension order, but not longer than 180 days after the time described by Subsection (a), if the court has continuing jurisdiction of the suit and the appointment of the department as temporary managing conservator is in the best interest of the child. If the court grants an extension, the extension order must also:

(1) schedule the new date for dismissal of the suit; and

(2) make further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit.

(c) If the court grants an extension, the court shall render a final order or dismiss the suit on or before the date specified in the extension order and may not grant an additional extension.

### § 263.402. Return of Child to Parent or Placement With Relative

(a) Notwithstanding Section 263.401, the court may retain jurisdiction and not dismiss the suit or render a final order as required by that section if the court renders a temporary order that:

(1) finds that retaining jurisdiction under this section is in the best interest of the child;

(2) orders the department to return the child to the child's parent or to place the child with a relative of the child;

(3) orders the department to continue to serve as temporary managing conservator of the child; and

(4) orders the department to monitor the child's placement to ensure that the child is in a safe environment.

---

2. The 75th Legislature effected amendments virtually identical to those in chapter 603 in two other enactments. *See* Act of May 31, 1997, 75th Leg., R.S., ch. 1022, §§ 80–90,

1997 Tex. Gen. Laws 3733, 3765–71; Act of May 28, 1997, 75th Leg., R.S., ch. 600, 1997 Tex. Gen. Laws 2108.

(b) If the court renders an order under this section, the court shall:

(1) include in the order specific findings regarding the grounds for the order; and

(2) schedule a new date, not later than the 180th day after the date the temporary order is rendered, for dismissal of the suit.

(c) If a child placed with a parent or relative under this section must be moved from that home by the department before the dismissal of the suit or the rendering of a final order, the court shall, at the time of the move, schedule a new date for dismissal of the suit. The new dismissal date may not be later than the original dismissal date established under Section 263.401 or the 180th day after the date the child is moved under this subsection, whichever date is later.

(d) If the court renders an order under this section, the court must include in the order specific findings regarding the grounds for the order.

TEX. FAM.CODE ANN. §§ 263.401, 263.402.

## ANALYSIS

■ When construing an enactment, we begin with the plain language of the statute. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex.1997). We will decline to follow the plain meaning of the statute only when it produces "absurd results" or when it is "obviously contrary to the legislature's intent." *Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 134 (Tex.1994); *Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex.1991).

Section 263.401(a) provides in pertinent part that the trial court "shall dismiss" a suit filed by DPRS "on the first Monday after the first anniversary of the date the court rendered a temporary order appointing [DPRS] as temporary managing conservator" "[u]nless the court has rendered a final order or granted an extension under Subsection (b)." TEX. FAM.CODE ANN. § 263.401(a). To grant an extension, the court must render in some fashion[3] an "extension order" which, among other things, must "schedule the new date for dismissal." *Id.* § 263.401(b)(1).

### THE THREE OLDEST CHILDREN: A.N.W., C.A.W. AND C.A.H.[4]

■ The parties believe that, with respect to the three oldest children at least, September 20, 1999 was the date for dismissal mandated by section 263.401(a). However, a review of the record demonstrates that Respondent's April 1 permanency hearing order is an extension order. In this order, Respondent declared in pertinent part:

**IT IS THEREFORE ORDERED**, pursuant to § 263.401(b)(1), Tex. Fam.Code, that this suit shall be dismissed on **dates set by amended scheduling order** which date is not later than 180 days following the date this temporary order is rendered, unless a final order is rendered by that date. No additional extensions will be granted.

This order satisfies all the requisites for an extension order contained in section 263.401(b) save the specification of a new date certain for dismissal. *See id.* The amended scheduling order rendered on April 1 does not contain a dismissal date. However, the permanency hearing order quoted in part above states that the new dismissal date will be "not later than 180 days following the date this temporary order is rendered." Thus, under the terms of the April 1 order, the latest date which

---

**3.** We need not decide in this case whether such an extension order must be written. Nevertheless, a timely, written order is highly preferred because such removes any uncertainties concerning whether and/or when the trial court acted to extend its jurisdiction.

**4.** We address the status of the youngest child S.J.H. subsequently in the opinion.

Respondent could have scheduled as the new dismissal date was September 28, which is 180 days after rendition of that order.

■ Section 263.401(c) provides that if the court has granted an extension, "the court shall render a final order or dismiss the suit on or before the date specified in the extension order and may not grant an additional extension." TEX. FAM.CODE ANN. § 263.401(c). According to section 263.401(c) and the express terms of Respondent's April 1 order, no further extensions could be granted. *See id.* Thus, section 263.401(c) imposed a mandatory duty on Respondent to either "render a final order or dismiss the suit on or before" September 28. *Id.; In re Neal,* 4 S.W.3d 443, 447 (Tex.App.—Houston [1st Dist.] 1999, orig. proceeding); *see also* TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 1998) (the term "shall" in a statute "imposes a duty").

■ Section 263.402(a) provides that, "*[n]otwithstanding section 263.401,* the court may retain jurisdiction and not dismiss the suit or render a final order as required by that section if the court renders a temporary order" which finds that retention of jurisdiction is in the best interest of the children and which orders DPRS to return the children to their parent(s)." TEX. FAM.CODE ANN. § 263.402(a) (emphasis added). Section 263.402 does not identify a specific date on or before which the court must enter such an order to retain jurisdiction. However, if the court were permitted to render such an order after the date for dismissal mandated by section 263.401, section 263.402 would render the mandatory dismissal requirement of section 263.401 ineffectual. Accordingly, we construe section 263.402 to permit a temporary order retaining jurisdiction of the suit beyond the scheduled dismissal date only if such an order is rendered on or before the dismissal date

mandated by section 263.401. *See Neal,* at 447; *see also Harris County Appraisal Dist. v. Dincans,* 882 S.W.2d 75, 77 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (court presumes legislature intended entire act to be effective); TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998).

■ DPRS contends that section 263.401(a) does not provide for an "automatic dismissal." We agree that the suit is not automatically dismissed on the statutory dismissal date if no final order, extension order, or section 263.402 retention order is rendered by that date. However, if the dismissal date passes without the rendition of such an order, the court "shall dismiss the suit." TEX. FAM.CODE ANN. § 263.401(a). Thus, the court has no discretion in the matter. *See Neal,* at 447; TEX. GOV'T CODE ANN. § 311.016(2).

■ DPRS cites appellate rule 33.1(a)(1) for the proposition that Relators waived any error by failing to object until after the one-year dismissal date had run. However, Rule 33.1(a) by its express language applies to appeals, not original proceedings. *See Ex parte Barlow,* 899 S.W.2d 791, 796–98 (Tex.App.—Houston [14th Dist.] 1995, orig. proceeding); TEX. R.APP. P. 33.1(a) ("As a prerequisite to presenting a complaint for *appellate review,*" an appellant must make a timely request, objection or motion). Relators filed a motion asking the court to dismiss DPRS's suit under the provisions of section 263.401. This is sufficient to support their request for mandamus relief. *See Owens–Corning Fiberglas Corp. v. Caldwell,* 830 S.W.2d 622, 624 (Tex.App.— Houston [1st Dist.] 1991, orig. proceeding).

Guardian *ad litem* Kevin Scanlan appears *pro se* in this action.[5] Scanlan contends that the best interest of the children for safety must supercede the dismissal requirement. After reviewing the allegations of the underlying suit, we do not

---

5. Scanlan does so even though Respondent has appointed an attorney *ad litem* for the children in addition to appointing Scanlan as

their guardian *ad litem. See* TEX. FAM.CODE ANN. § 107.001(b) (Vernon Supp.2000), § 107.012 (Vernon 1996).

lightly require a dismissal of this cause. The legislature has provided a mechanism by which the safety of the children can be monitored and the court can keep the case on its docket, even if the children must be returned to their parent(s). *See* Tex. Fam. Code Ann. § 263.402. However, Respondent failed to utilize the provisions of section 263.402.

The record reflects that Scanlan and Herrera's sister have each intervened in this suit. *See* Tex.R. Civ. P. 60. Section 263.401 requires dismissal of only the suit filed by DPRS. Presumably, the claims of any intervenors could be severed from the DPRS suit and docketed separately. *See, e.g., Francis v. Davis*, 517 S.W.2d 558, 558–59 (Tex.Civ.App.—Beaumont 1974, no writ); *but cf. Mendez v. Brewer*, 626 S.W.2d 498 (Tex.1982) (addressing standing of intervenors in DPRS termination suit).

▪ In addition, we observe that the dismissal mandated by section 263.401 does not constitute a decision on the merits of the suit. Therefore, such a dismissal is without prejudice to the rights of DPRS to assert the same grounds in a subsequently filed suit. *See Attorney General v. Abbs*, 812 S.W.2d 605, 608 (Tex.App.—Dallas 1991, no writ); *accord Newco Drilling Co. v. Weyand*, 960 S.W.2d 654, 656 (Tex. 1998) (both discussing effect of dismissal for want of prosecution).

Respondent rendered an extension order in this cause on April 1, 1999. As to the three oldest children, Respondent could have done one of three things on or before September 28: render a final order; dismiss the suit; or render a temporary order under section 263.402 retaining jurisdiction of the suit and returning the children to their parents. Respondent did none of these. Thus, Respondent must dismiss DPRS's suit with respect to the three oldest children.

### THE YOUNGEST CHILD S.J.H.

▪ If we were to construe the April 1 extension order to apply to the youngest child S.J.H., then Respondent in effect granted DPRS a "negative extension" because September 28 comes before October 25, which is "the first Monday after the first anniversary of the date [Respondent] rendered a temporary order appointing [DPRS] as temporary managing conservator" of S.J.H. *See* Tex. Fam.Code Ann. § 263.401(a). Such a construction appears to run counter to the legislature's intention that DPRS have twelve months to attain permanency in such a suit. Thus, we conclude that, in a suit in which DPRS has been appointed temporary managing conservator of a child, a trial court may not dismiss the suit under section 263.401(a) in less than the twelve months provided by the statute.[6] Accordingly, the April 1 order was ineffective to shorten the dismissal date as to S.J.H.

▪ Respondent appointed DPRS as temporary managing conservator of S.J.H. on October 19. Thus, if S.J.H. were the only child involved in this litigation, the dismissal date would fall on October 25. *Id.* Section 263.401 focuses on the length of time the child has been away from his parents, not the length of time the suit has been pending. Accordingly, we conclude that, in a suit in which DPRS is appointed temporary managing conservator of different children at different times, the dismissal date for a particular child must be calculated from the date DPRS was appointed temporary managing conservator of that child and not from the date DPRS was appointed temporary managing conservator of the first child in the suit.

Respondent appointed DPRS temporary managing conservator of S.J.H. on October 19. Thus, the dismissal date as to S.J.H.

---

**6.** We also note that section 263.401 may be subject to challenge on the basis that it violates the separation of powers doctrine expressed in article II, § 1 of the Texas Constitution. *See, e.g., Meshell v. State*, 739 S.W.2d 246, 257 (Tex.Crim.App.1987); Tex. Const. art. II, § 1. However, DPRS does not challenge the constitutionality of the statute.

was on October 25. Respondent rendered an extension order on September 30 which complies with the requirements of section 263.401(b).[7] Thus, Respondent did not abuse his discretion by denying Relators' motion to dismiss with respect to S.J.H.

## CONCLUSION

Respondent did not abuse his discretion in denying Relators' motion to dismiss the suit filed by DPRS with respect to their youngest child S.J.H. Accordingly, we deny the requested writ with respect to the portion of DPRS's suit involving S.J.H. However, Respondent abused his discretion when he failed to dismiss the suit filed by DPRS with respect to the three oldest children, A.N.W., C.A.W., and C.A.H. Relators have no adequate remedy at law. *See Proffer,* 734 S.W.2d at 673; *Neal,* at 447. Accordingly, we conditionally grant in part the requested writ of mandamus. The writ will issue only if Respondent fails to sign an order dismissing the suit filed by DPRS with respect to the three oldest children within seven days after the date of this opinion.

GRAY, J., concurring and dissenting.

TOM GRAY, Justice, concurring and dissenting.

I concur in the majority's analysis of Section 263.401 of the Family Code and with its application to the three older children. The application of Section 263.401 to the youngest of the four children, S.J.H, is more problematic. The question is whether an order is an "extension order" because of its content or because of its effect. The April 1, 1999 order contained the elements of an extension order and purported to be an extension order. However, as the majority notes, the effect of the order is actually to shorten the time in which the trial court could decide the permanency issue with regard to S.J.H. The majority states that "such a construction appears to run counter to the legislature's

intention that DPRS have twelve months to attain permanency in such a suit."

The DPRS is not guaranteed 12 months to resolve the permanency issue. By establishing a deadline by which to act, the statute by implication allows the court to resolve the permanency issue at any time prior to the deadline. It appears to have been the legislature's intent to give the trial court discretion as to the timing of resolving the permanency issue and all the tools necessary to enforce its deadline. It appears the legislature wanted to make sure the trial court and the DPRS understood that time was of the essence when dealing with the lives of children.

In this situation there were three children on one timetable and a much younger child on another timetable. The trial court should have the authority to decide if it is in the best interest of each child to keep the timetables separate or force them to all be decided at the same time. I see nothing inherently wrong with the trial court being allowed to review the status of the various children and the evidence necessary to determine permanency, and put all the children on the same timetable for a permanency decision. Likewise the trial court should have the discretion to keep the various children on separate timetables.

If the trial court decides that a single timetable is preferable when multiple children are involved, and an extension under Section 263.401(a) of the Family Code is being considered, I see nothing in the statute or the legislative history that compels me to believe that the trial court cannot make the terms of that extension order, and thus the same timetable, apply to each child, even if it has the effect of "shortening" the ultimate time for determination of permanency to less than twelve months. It is clear that the legislature wanted to shorten the time that it was taking to decide permanency issues.

7. This is the order Respondent signed after hearing Relators' motion to dismiss, in which

Respondent purported to extend the suit with respect to all four children.

Thus, for the reasons expressed, I respectfully dissent from that portion of the majority opinion that holds that the trial court may not dismiss a suit pursuant to Section 263.401(a) in less than the twelve months provided by the statute. The April 1, 1999 extension order put all four children on the same timetable. It had the indirect impact of shortening the ultimate amount of time for a permanency determination for S.J.H. to less than twelve months. Thus, I would hold that the DPRS suit as to S.J.H. must be dismissed pursuant to Section 263.401 for the same reasons as the suits regarding the other three children must be dismissed. This would keep the litigants and the reviewing court from having to look behind the express language of a trial court order to determine if it was not in fact an extension order as it clearly purported to be on its face.

The majority also holds that an order continuing the trial court's jurisdiction under Section 263.402 cannot be rendered after the expiration of an extension period granted under Section 263.401. The trial court has not attempted to do this and thus this issue is not before us. We should await the time to decide this issue until it is properly before us, and has been fully briefed by the parties. I express no opinion on the majority's analysis of this issue.