In the Interest of A.G., J.G., S.G., M.G., and J.G., III, Children.

No. 13–00–518–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Oct. 3, 2002.

Mary R. Collina, Corpus Christi, Tamara L. Cochran–May, Portland, for appellant.

Eugene P. Chapline, Asst. County Atty., Patricia G. Deaton, Sinton, for appellee.

Dissenting Opinion by Justice DORSEY.

The opinion of the panel to dismiss the appeal for want of jurisdiction is erroneous. Rehearing en banc should be granted to reconsider and correct that opinion for two reasons: the trial court's failure to include additional temporary orders in its extension order is not a matter that affects its jurisdiction, and no error was preserved as required by the Family Code. I would grant rehearing and dissent from the court's refusal to grant rehearing en banc.

First, the trial court's technical failure to comply with the family code by making "further temporary orders for the safety and welfare of the child[ren] as necessary to avoid further delay in resolving the suit" does not deprive the court of jurisdiction over the suit. See Act of May 31, 1997, 75th Leg., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733, 3769 (amended 2001) (current version at TEX. FAM.CODE ANN. § 263.401(b) (Vernon Supp.2002)). Section 263.401 requires a trial court to dismiss a SAPCR filed by the department seeking termination of the parent-child relationship and appointing the department temporary managing conservator if it has been pending for over a year without a final order or an extension. See TEX. FAM.CODE ANN § 263.401(a). Subsection (b) of that statute governs the procedure for a trial court's grant of extension. Id. § 263.401(b). Subsection (b) states that a trial court may extend its jurisdiction over the suit for a period not longer than 180 days after the Monday following the first anniversary of the suit if the court has continuing jurisdiction and the appointment of the department as temporary managing conservator is in the best interest of the child. See Act of May 31, 1997, 75th Leg., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733, 3769 (amended 2001) (current version at § 263.401(b)).

The first requirement is that the court had "continuing jurisdiction." This is a term of art when used in reference to a suit affecting the parent-child relationship. The court of "continuing jurisdiction" over a child is a court that has entered a final order affecting the particular child at issue in a subsequent case. See TEX. FAM.CODE ANN. § 155.001 (Vernon 2002). We can presume that the trial court had continuing jurisdiction over the children at issue in this suit because the family code requires the suit to be transferred to such a court, if one exists, after the initial adversary hearing. See id. §§ 262.202, 262.203. Since the trial court was the court with continuing, exclusive jurisdiction, if one existed, the first part of the statute allowing for an extension of the trial court's jurisdiction was met. See Act of May 31, 1997, 75th Leg., ch. 1022, § 90, 1997 Tex. Gen. Laws 3733, 3769 (amended 2001) (current version at TEX. FAM.CODE ANN. § 263.401(b) (Vernon Supp.2002)).

Thus, in order for the trial court's extension of its jurisdiction over this suit to be valid, the only other requirement to be met was that the appointment of the department was in the best interest of the children. *See id.* We can presume that the trial court found that the appointment of the department was in the best interest of the child. The statute does not require the order granting an extension under 263.401 to include such an express finding. *Id.* Rather, the order only is required to schedule a new date for dismissal and "make further temporary orders for the safety and welfare of the child[ren] *as necessary to avoid further delay in resolving the suit.*" *See id.* (emphasis added). The fact that the trial court did not make further temporary orders in the extension order indicates that the court did not deem *further* orders regarding the safety and welfare of the children "necessary to avoid further delay in resolving the suit." *See id.* The fact that no additional temporary orders were contained in the extension order does not, however, deprive the court of jurisdiction over the remainder of the suit. *See also In Re Bishop,* 8 S.W.3d 412, 418–19 (Tex.App.-Waco 1999, orig. proceeding) (treating order that failed to comply with technicalities of 263.401 as valid extension order). Thus, I do not agree with the original opinion of this Court holding that the trial court lost jurisdiction by failing to include additional temporary orders in the extension order, and that the ultimate termination order was therefore void because the trial court had lost jurisdiction over the matter when it was entered

Secondly, I would hold that the ability to complain on appeal of any technical failure in the trial court's extension order was waived by the appellant. *See* Tex. Fam. Code Ann. § 263.402(b). Section 263.402(b) states:

> A party to a suit under this chapter who fails to make a timely motion to dismiss the suit or to make a motion requesting the court to render a final order before the deadline for dismissal under this subchapter waives the right to object to the court's failure to dismiss the suit.

Tex. Fam.Code Ann. § 263.402(b). Supplementing general preservation requirements, *see* Tex.R.App. P. 33.1, which were not met in this case, the legislature added section 263.402(b) to the family code which clarifies that the right to have a termination case dismissed is one that can be waived. Even though this provision was not in effect at the trial of this cause, preservation was still required under the general rules of preservation. *See* Tex. R.App. P. 33.1. General rules of preservation have always required that timely complaint be made to the trial court in order to preserve error for appeal. *See id.* Because I would hold that any such error in the extension order does not operate to deprive the court of jurisdiction over the case and because appellant never raised a complaint regarding inadequacy of the extension order to the trial court, I would hold that appellant waived his right to complain on appeal that the order was faulty. Accordingly, I dissent from the majority's denial of appellee's motion for en banc reconsideration of this appeal.

Joined by Justice YAÑEZ.