# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00700-CV

### In re Daughters of Charity Health Services of Austin d/b/a Seton Medical Center

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Daughters of Charity Health Services of Austin d/b/a Seton Medical Center filed its petition for writ of mandamus, complaining of the trial court's order requiring it to send pathology slides to the petitioner's out-of-state expert witness for examination pursuant to rule 202 of the rules of civil procedure. *See* Tex. R. Civ. P. 202; *see also* Tex. R. App. P. 52.3. Relator complains that the order violates section 74.351 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West Supp. 2006). However, relator did not raise this issue in the trial court. Relator conceded in the trial court that the court had the authority to order the slides produced.[1] The dispute before the trial court focused only on the parameters and details

---

[1] Relator argues that the rules governing the preservation of error do not apply to mandamus proceedings, citing *In re Bishop*, 8 S.W.3d 412, 419 (Tex. App.—Waco 1999, orig. proceeding) ("Rule 33.1(a) by its express language applies to appeals, not original proceedings."). However, in *Bishop*, the relators had filed a motion in the trial court seeking relief under the applicable statute, which was "sufficient to support their request for mandamus relief." *Id*. In this case, relator did not reference section 74.351 or the chapter 74 framework in any manner in its briefing or argument before the trial court. To the contrary, relator conceded that the trial court had the authority to order the deposition, including the production of the slides, although it argued the trial court should only require it to produce the slides for review at relator's laboratory. To obtain mandamus relief, relator must show that the trial court abused its discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). We cannot hold that the trial court abused its discretion by failing to act on an issue

of *how* the slides would be produced, not whether the trial court had the power to order production under chapter 74. Based on this record, we find no abuse of discretion in the trial court's order. We express no opinion as to how or whether any provision of chapter 74 would apply in circumstances such as are presented by this case. We deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Filed: June 13, 2007

---

that was never brought to its attention.