TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00700-CV






In re Daughters of Charity Health Services of Austin d/b/a Seton Medical Center






ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N



 Relator Daughters of Charity Health Services of Austin d/b/a Seton Medical Center
filed its petition for writ of mandamus, complaining of the trial court's order requiring it to send
pathology slides to the petitioner's out-of-state expert witness for examination pursuant to
rule 202 of the rules of civil procedure. See Tex. R. Civ. P. 202; see also Tex. R. App. P. 52.3. 
Relator complains that the order violates section 74.351 of the civil practice and remedies code. See
Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West Supp. 2006). However, relator did not raise this
issue in the trial court. Relator conceded in the trial court that the court had the authority to order
the slides produced. (1) The dispute before the trial court focused only on the parameters and details
of how the slides would be produced, not whether the trial court had the power to order production
under chapter 74. Based on this record, we find no abuse of discretion in the trial court's order. We
express no opinion as to how or whether any provision of chapter 74 would apply in circumstances
such as are presented by this case. We deny the petition for writ of mandamus. See
Tex. R. App. P. 52.8(a).


 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Filed: June 13, 2007
1. Relator argues that the rules governing the preservation of error do not apply to mandamus
proceedings, citing In re Bishop, 8 S.W.3d 412, 419 (Tex. App.--Waco 1999, orig. proceeding)
("Rule 33.1(a) by its express language applies to appeals, not original proceedings."). However, in
Bishop, the relators had filed a motion in the trial court seeking relief under the applicable statute,
which was "sufficient to support their request for mandamus relief." Id. In this case, relator did not
reference section 74.351 or the chapter 74 framework in any manner in its briefing or argument
before the trial court. To the contrary, relator conceded that the trial court had the authority to order
the deposition, including the production of the slides, although it argued the trial court should only
require it to produce the slides for review at relator's laboratory. To obtain mandamus relief, relator
must show that the trial court abused its discretion. See Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992). We cannot hold that the trial court abused its discretion by failing to act on an issue
that was never brought to its attention.