NUMBER 13-10-00471-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE TEXAS
DEPARTMENT OF INSURANCE

 

 



On Petition for Writ
of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Rodriguez,
Benavides, and Vela

Per Curiam Memorandum
Opinion[1]

 

By petition for writ of
mandamus, the Texas Department of Insurance contends that the trial court erred
in refusing to grant its plea to the jurisdiction and in granting a continuance
of the hearing on the plea to the jurisdiction.  The Court requested and
received a response to the petition for writ of mandamus from the real party in
interest, Manuel J. Montemayor.  We deny the petition for writ of mandamus.  

I.

Mandamus is an extraordinary
remedy that issues only if the trial court clearly abused its discretion and
the relator has no adequate remedy by appeal.  In re Sw. Bell Tel. Co.,
235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding).  It is the relator’s burden
to provide this Court with a sufficient record to establish the right to
mandamus relief. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992); In
re Pilgrim’s Pride Corp., 187 S.W.3d 197, 198-99 (Tex. App.–Texarkana 2006,
orig. proceeding); see Tex. R.
App. P. 52.3.  

II.

A mandamus petitioner
establishes that the trial court abused its discretion by failing to rule on a
matter if the petitioner shows that the trial court: (1) had a legal duty to
rule; (2) was asked to rule; and (3) failed or refused to do so.  See In re
Dimas, 88 S.W.3d 349, 351 (Tex. App.–San Antonio 2002, orig. proceeding); In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding); Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig.
proceeding); accord O’Connor v. First Ct. of Appeals, 837 S.W.2d 94, 97
(Tex. 1992) (orig. proceeding).  A trial court has a reasonable time to perform
the ministerial duty of considering and ruling on a matter properly filed and
before the court.  Chavez, 62 S.W.3d at 228; Barnes, 832 S.W.2d
at 426.  Whether the judge has acted within a “reasonable” period of time
depends on the circumstances of the case.  Chavez, 62 S.W.3d at 228.  A
party who complains about a trial court’s refusal to rule on a pending motion must
show that the matter was brought to the attention of the trial court and that
the trial court failed or refused to rule.  In re Hearn, 137 S.W.3d 681,
685 (Tex. App.–San Antonio 2004, orig. proceeding); Barnes, 832 S.W.2d
at 426-27; see e.g., In re Daisy, 156 S.W.3d 922, 924 (Tex. App.–Dallas
2005, orig. proceeding) (granting mandamus relief when record contained several
letters from the trial court explaining its refusal to rule on relator’s
motion).  

III.

Generally, appellate courts
have considered the erroneous grant of a stay or continuance to be an
incidental trial ruling for which there is an adequate remedy by appeal.  See,
e.g., In re Smart, 103 S.W.3d 515, 521 (Tex. App.–San Antonio 2003, orig.
proceeding).  Ordinarily, in these circumstances, mandamus relief is not
available.  Id.  However, mandamus relief may be granted when an
erroneous continuance operates to deny a litigant of a peculiar right not
available to litigants in general or directly interferes with the jurisdiction
of another court or administrative body.  See, e.g., City of Galveston v.
Gray, 93 S.W.3d 587, 590-93 (Tex. App.–Houston [14th Dist.] 2002, orig.
proceeding) (mandamus relief granted where trial court granted plaintiff’s motion
for continuance motion and refused to rule on city’s and county’s pleas to the
jurisdiction premised on governmental immunity);  In re Bishop, 8 S.W.3d
412, 421 (Tex. App.–Waco 1999, orig. proceeding) (mandamus relief granted where
trial court erroneously granted an extension of the dismissal deadline provided
by section 263.401 of the Family Code for parental-rights termination suits);  Gulf
Energy Pipeline Co. v. Garcia, 884 S.W.2d 821, 824 (Tex. App.–San Antonio
1994, orig. proceeding) (mandamus relief granted where trial court granted
continuance of eminent domain proceedings which interfered with statutory duty
of special commissioners to set and conduct such proceedings).

IV.

In the instant case, Montemayor’s
“Original Petition” was filed on October 23, 2009.  Relator’s “Plea to the
Jurisdiction and Original Answer” was filed on December 30, 2009, and its “Plea
to the Jurisdiction” was filed on April 16, 2010.  Montemayor  filed an “Initial
Response & Opposition to Defendant’s Plea to the Jurisdiction and Plaintiff’s
Motion for Continuance” on or about July 20, 2010.  In his motion for
continuance, Montemayor alleges that relator failed to respond to his requests
for discovery, and accordingly, asks for additional time for discovery.  On
June 7, 2010, the trial court set the plea to the jurisdiction for hearing on July
29, 2010.  

According to relator’s
petition for writ of mandamus, the hearing proceeded as scheduled.  The record
before us does not include the reporter’s record of that hearing or a written
order granting, denying, or continuing the hearing.  In its appendix and
record, relator has included the trial court’s docket entry noting that
attorneys for both sides appeared at the hearing on the plea to the
jurisdiction, plaintiff’s motion for continuance was granted, and the matter
was reset for November 4, 2010.  Based on the documents provided to us, the case
is not currently set for trial.  

As stated previously, the
general rule is that mandamus relief is not available to review the granting of
a continuance motion.  See Smart, 103 S.W.3d at 521.  Relator’s petition
for writ of mandamus does not present any exceptional circumstances which would
lead us to conclude that mandamus should issue.  Cf. City of Galveston,
93 S.W.3d at 592; Bishop, 8 S.W.3d at 421; Gulf Energy Pipeline,
884 S.W.2d at 824.  In this regard, it is clear that a trial court has broad discretion
to schedule and define the scope of discovery.  See In re Alford
Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding). Further,
a plea to the jurisdiction may require the court to consider evidence
pertaining to jurisdictional facts.  Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 227 (Tex. 2004); Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 555 (Tex. 2000).  When the consideration of a trial
court’s subject matter jurisdiction requires the examination of evidence, the trial
court exercises its discretion in deciding whether the jurisdictional
determination should be made at a preliminary hearing or await a fuller
development of the case, mindful that this determination must be made as soon
as practicable.  Bland, 34 S.W.3d at 554.  This determination “must be
left largely to the trial court’s sound exercise of discretion.”  Id.  In
the instant case, the record before the Court fails to establish that the trial
court has not set the hearing on the plea to the jurisdiction “as soon as
practicable,” see id., or has otherwise abused its discretion by acting
unreasonably.  See Alford Chevrolet-Geo, 997 S.W.2d 173. Therefore, the
trial court did not err in granting a continuance of the hearing.  

V.

Relator further contends
that the trial court erred in refusing to grant the plea to the jurisdiction. 
However, we do not reach the merits of relator’s plea to the jurisdiction or
direct the trial court regarding how to rule on the plea.  In re Blakeney,
254 S.W.3d 659, 661 (Tex. App.­–Texarkana 2008); O’Donniley v. Golden, 860
S.W.2d 267, 269 (Tex. App.–Tyler 1993, orig. proceeding) (“While it is a basic
premise that an appellate court lacks the power to compel a trial judge to do a
particular act involving or requiring discretion on his part, this Court is
empowered to order a trial judge to exercise his discretion in some manner.”).

VI.

The Court, having examined
and fully considered the petition for writ of mandamus and the response thereto,
is of the opinion that relator has not shown itself entitled to the relief
sought.  Accordingly, the petition for writ of mandamus is DENIED.  See Tex. R. App. P. 52.8(a).

                                                                                                PER
CURIAM

Delivered and filed the 14th

day of September, 2010.

 









[1]
See Tex. R. App. P.
52.8(d) (“When denying relief, the court may hand down an opinion but is not
required to do so.”); Tex. R. App. P.
47.4 (distinguishing opinions and memorandum opinions).