

NUMBER 13-10-00471-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE TEXAS DEPARTMENT OF INSURANCE

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela**
**Per Curiam Memorandum Opinion[1]**

By petition for writ of mandamus, the Texas Department of Insurance contends that the trial court erred in refusing to grant its plea to the jurisdiction and in granting a continuance of the hearing on the plea to the jurisdiction. The Court requested and received a response to the petition for writ of mandamus from the real party in interest, Manuel J. Montemayor. We deny the petition for writ of mandamus.

I.

Mandamus is an extraordinary remedy that issues only if the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Sw. Bell*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198-99 (Tex. App.–Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

## II.

A mandamus petitioner establishes that the trial court abused its discretion by failing to rule on a matter if the petitioner shows that the trial court: (1) had a legal duty to rule; (2) was asked to rule; and (3) failed or refused to do so. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.–San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). A trial court has a reasonable time to perform the ministerial duty of considering and ruling on a matter properly filed and before the court. *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426. Whether the judge has acted within a "reasonable" period of time depends on the circumstances of the case. *Chavez*, 62 S.W.3d at 228. A party who complains about a trial court's refusal to rule on a pending motion must show that the matter was brought to the attention of the trial court and that the trial court failed or refused to rule. *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.–San Antonio 2004, orig. proceeding); *Barnes*, 832 S.W.2d at 426-27; *see e.g., In re Daisy*, 156 S.W.3d 922, 924 (Tex. App.–Dallas 2005, orig. proceeding) (granting mandamus relief when record contained several letters from the trial court explaining its refusal to rule on relator's motion).

III.

Generally, appellate courts have considered the erroneous grant of a stay or continuance to be an incidental trial ruling for which there is an adequate remedy by appeal. *See, e.g., In re Smart*, 103 S.W.3d 515, 521 (Tex. App.–San Antonio 2003, orig. proceeding). Ordinarily, in these circumstances, mandamus relief is not available. *Id.* However, mandamus relief may be granted when an erroneous continuance operates to deny a litigant of a peculiar right not available to litigants in general or directly interferes with the jurisdiction of another court or administrative body. *See, e.g., City of Galveston v. Gray*, 93 S.W.3d 587, 590-93 (Tex. App.–Houston [14th Dist.] 2002, orig. proceeding) (mandamus relief granted where trial court granted plaintiff's motion for continuance motion and refused to rule on city's and county's pleas to the jurisdiction premised on governmental immunity); *In re Bishop*, 8 S.W.3d 412, 421 (Tex. App.– Waco 1999, orig. proceeding) (mandamus relief granted where trial court erroneously granted an extension of the dismissal deadline provided by section 263.401 of the Family Code for parental-rights termination suits); *Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821, 824 (Tex. App.–San Antonio 1994, orig. proceeding) (mandamus relief granted where trial court granted continuance of eminent domain proceedings which interfered with statutory duty of special commissioners to set and conduct such proceedings).

IV.

In the instant case, Montemayor's "Original Petition" was filed on October 23, 2009. Relator's "Plea to the Jurisdiction and Original Answer" was filed on December 30, 2009, and its "Plea to the Jurisdiction" was filed on April 16, 2010. Montemayor filed an "Initial Response & Opposition to Defendant's Plea to the Jurisdiction and

Plaintiff's Motion for Continuance" on or about July 20, 2010. In his motion for continuance, Montemayor alleges that relator failed to respond to his requests for discovery, and accordingly, asks for additional time for discovery. On June 7, 2010, the trial court set the plea to the jurisdiction for hearing on July 29, 2010.

According to relator's petition for writ of mandamus, the hearing proceeded as scheduled. The record before us does not include the reporter's record of that hearing or a written order granting, denying, or continuing the hearing. In its appendix and record, relator has included the trial court's docket entry noting that attorneys for both sides appeared at the hearing on the plea to the jurisdiction, plaintiff's motion for continuance was granted, and the matter was reset for November 4, 2010. Based on the documents provided to us, the case is not currently set for trial.

As stated previously, the general rule is that mandamus relief is not available to review the granting of a continuance motion. *See Smart*, 103 S.W.3d at 521. Relator's petition for writ of mandamus does not present any exceptional circumstances which would lead us to conclude that mandamus should issue. *Cf. City of Galveston*, 93 S.W.3d at 592; *Bishop*, 8 S.W.3d at 421; *Gulf Energy Pipeline*, 884 S.W.2d at 824. In this regard, it is clear that a trial court has broad discretion to schedule and define the scope of discovery. *See In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding). Further, a plea to the jurisdiction may require the court to consider evidence pertaining to jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller

4

development of the case, mindful that this determination must be made as soon as practicable. *Bland*, 34 S.W.3d at 554. This determination "must be left largely to the trial court's sound exercise of discretion." *Id.* In the instant case, the record before the Court fails to establish that the trial court has not set the hearing on the plea to the jurisdiction "as soon as practicable," *see id.*, or has otherwise abused its discretion by acting unreasonably. *See Alford Chevrolet-Geo*, 997 S.W.2d 173. Therefore, the trial court did not err in granting a continuance of the hearing.

V.

Relator further contends that the trial court erred in refusing to grant the plea to the jurisdiction. However, we do not reach the merits of relator's plea to the jurisdiction or direct the trial court regarding how to rule on the plea. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.–Texarkana 2008); *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.–Tyler 1993, orig. proceeding) ("While it is a basic premise that an appellate court lacks the power to compel a trial judge to do a particular act involving or requiring discretion on his part, this Court is empowered to order a trial judge to exercise his discretion in some manner.").

VI.

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relator has not shown itself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* Tex. R. App. P. 52.8(a).

PER CURIAM

Delivered and filed the 14th
day of September, 2010.