**CITY OF CARROLLTON,**
Texas, Appellant,

v.

**OHBA CORPORATION, Appellee.**

No. 05–90–01505–CV.

Court of Appeals of Texas,
Dallas.

April 23, 1991.

Kenneth L. Babcock, James R. Jordan, Riddle & Brown, Dallas, for appellant.

Eddie Vassallo, Charles A. Salazar, Law Offices of Eddie Vassallo, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and CHADICK [1], JJ.

## OPINION

ENOCH, Chief Justice.

The City of Carrollton appeals the granting of a temporary injunction and declaratory judgment. OHBA Corporation sought this relief to enjoin the City from enforcing its Ordinance No. 1662. OHBA further sought a declaration that the ordinance was unconstitutional and a mandatory injunction compelling the City to issue a building permit. The trial court granted all the relief sought by OHBA. For the reasons outlined below, we dissolve the injunctions.

## FACTS

OHBA Corporation owns a parcel of land within the City of Carrollton. An apartment complex is located on a portion of this property. OHBA is seeking to expand this development and has applied to the City for the appropriate approval and building permit.

The City seeks to exercise its power of eminent domain to acquire a portion of the property to extend a roadway. The parties were unable to arrive at an agreement on the acquisition and the City initiated condemnation proceedings in the county court. Special commissioners were appointed to establish the damages of the owner of the property to be condemned. The commissioners were sworn, and the City requested the court set a date for the commissioners' hearing.

The trial court denied the City's motion to set the hearing and granted OHBA's motion to abate the condemnation proceedings. The Carrollton City Council then passed Ordinance No. 1662, which prohibits the issuance of a building permit for con-

struction on any property that is or becomes subject to a city-initiated condemnation proceeding unless the proposed construction reflects the post-condemnation condition of the property.

OHBA filed its application for a temporary injunction seeking to enjoin the City from enforcing this ordinance. OHBA also sought a mandatory temporary injunction to compel the City to issue the building permit, claiming it had satisfied all conditions precedent to its lawful issuance. In addition, OHBA sought a declaration that Ordinance No. 1662 was unconstitutional and therefore void and unenforceable. The trial court granted OHBA the relief it sought. This appeal of the trial court's interlocutory order followed.

Subsequent to the perfecting of this appeal, the trial court held a hearing on the merits of the cause. Following that hearing, the trial court entered its Interlocutory Order Granting Declaratory Relief and Mandatory Injunction. This order recites that: (1) Ordinance No. 1662 is void and invalid as it applies to OHBA; (2) the ordinance was selectively passed and enacted against OHBA in an unreasonable, arbitrary and capricious manner; and (3) the City is ordered to issue a building permit to OHBA.

## JURISDICTION

The City challenges the jurisdiction of the county court at law to grant declaratory relief based on the constitutionality of the ordinance and to grant the injunctive relief sought by OHBA. The City contends that initiating the condemnation proceeding invoked only the administrative jurisdiction of the trial court. The City argues that until the legal jurisdiction of the court was invoked, the court lacked the authority to grant declaratory or injunctive relief. We agree.

■ Condemnation of land in Texas involves a two-part procedure. When the parties cannot agree on settlement terms, the party seeking condemnation must file a

1. The Honorable T.C. Chadick, Justice, Retired, Supreme Court of Texas, sitting by assignment.

petition in the appropriate court. Upon this filing, the trial court judge is to appoint three special commissioners to assess the damages of the landowner. This proceeding is strictly administrative. *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 241 (Tex.1984); *City of Dallas v. Martin*, 711 S.W.2d 285, 286 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Only after the commissioners have been appointed and sworn, and an award has been filed, and only by filing objections to the award, may the condemnee invoke the legal jurisdiction of the trial court. *Amason*, 682 S.W.2d at 242; *City of Dallas*, 711 S.W.2d at 285–86.

In the instant case, these final steps were never taken. The trial court abated the condemnation proceeding after the commissioners were appointed and sworn.[2] OHBA then sought and was granted the declaratory and injunctive relief at issue here. This Court considers the above-cited authority both persuasive and controlling. The Declaratory Judgment Act cannot confer jurisdiction where none exists. *City of Beaumont v. West*, 484 S.W.2d 789, 792–93 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). In its brief, OHBA recites that it invoked the legal jurisdiction of the trial court by seeking relief from the City's enforcement of an invalid ordinance. This action by OHBA fails to confer jurisdiction on the trial court.

A county court at law has jurisdiction as established by statute. These courts are granted jurisdiction in eminent domain cases. TEX.PROP.CODE ANN. § 21.001 (Vernon 1984). In addition, a Dallas County Court at Law has concurrent jurisdiction with the district court in civil cases in which the matter in controversy exceeds $500 but does not exceed $50,000. TEX. GOV'T CODE ANN. § 25.0592 (Vernon Supp. 1991). Further, a statutory county court may issue a writ of injunction when necessary for the enforcement of its jurisdiction. TEX.GOV'T CODE ANN. § 25.0004(a) (Vernon 1988). However, in the instant case, the jurisdiction of the trial court was invoked only to the extent of the administration of the condemnation proceeding.

The injunctive and declaratory relief sought by OHBA dealt with the enforceability of a city ordinance and the issuance of a building permit. The mere fact that the building permit it was seeking coincidentally dealt with the property the City sought to condemn does not demonstrate jurisdiction in the county court. Failure to allege an amount in controversy that fell within the range of damages which would confer jurisdiction on the trial court is fatal to OHBA's position. *Northrup v. O'Brien*, 474 S.W.2d 614, 617 (Tex.Civ.App.—Dallas 1971, no writ).

Because the court had only administrative jurisdiction in the condemnation proceedings, and its jurisdiction to hear a civil suit had not been properly invoked, the court was without authority to issue the injunctive and declaratory relief it granted OHBA. We sustain the City's first point of error. As a result of this disposition, we need not address the City's remaining points. We reverse the judgment of the trial court and dissolve the injunction and the amendments to it issued by the trial court on November 14, 1990. Additionally, pursuant to Rule 43 of the Texas Rules of Appellate Procedure, we take the same action with the subsequent relief the trial court granted OHBA on January 10, 1991.

2. The City does not challenge the trial court's abatement of the condemnation proceedings.