**GULF ENERGY PIPELINE COMPANY, Relator,**

v.

**Honorable Ricardo GARCIA, Respondent.**

No. 04–94–00397–CV.

Court of Appeals of Texas, San Antonio.

Aug. 10, 1994.

William H. Keys, Corpus Christi, David T. Garcia, Falfurrias, Donald B. Edwards, Craig S. Smith, Smith & Edwards, Corpus Christi, for appellant.

Tom C. Wheat, Lance K. Bruun, Paul C. Pearson, III, Kleberg & Head, P.C., Corpus Christi, Baldemar Gutierrez, Law Offices of Baldemar Gutierrez, Alice, Richard E. Flint, San Antonio, Frank Armstrong, Corpus Christi, Anthony (Tony) Trevino, Jr., Richard G. Morales, Jr., Person, Whitworth, Ramos, Borchers & Morales, Laredo, for appellee.

Before CHAPA, C.J., and PEEPLES and RICKHOFF, JJ.

RELATOR'S PETITION FOR WRITS OF MANDAMUS AND PROHIBITION GRANTED.

CHAPA, Chief Justice.

Relator seeks writs of mandamus and prohibition in connection with commissioners' hearings in several related eminent domain proceedings. Relator, the condemnor below, initiated proceedings by filing with the district court to condemn an easement for a pipeline. The district court appointed commissioners, who scheduled hearings. Over the Relator's objection that the court had no jurisdiction to do so, the district court then reset the commissioners' hearings to a later date. The district court granted each of the landowners a sixty-day continuance of the commissioners' hearings.

Relator asks us to vacate the written orders and to prohibit the district court from further interference until the commissioners have made their award. The entry of the commissioners' award will allow the Relator to take possession of the pipeline easement and begin construction.[1] The continuance delays this right to possession. It is undisputed that the Relator will lose at least sixty days and suffer penalties with contractors and other expenses if the continuance remains in place. See Packer v. Fifth Court of Appeals, 764 S.W.2d 775, 776 (Tex.1989). We hold the orders granting the continuance void and conditionally grant the writs of mandamus and prohibition.

 An eminent domain proceeding is not within the general jurisdiction of the court; any power to act is special and depends upon the eminent domain statute. Pearson v. State, 159 Tex. 66, 315 S.W.2d 935, 937 (1958); Blasingame v. Krueger, 800 S.W.2d 391, 394 (Tex.App.—Houston [14th Dist.] 1990, no writ). The statute expressly gives the court administrative jurisdiction to appoint the commissioners, receive their opinion as to value, and render judgment based upon the commissioners' award. See John v. State, 826 S.W.2d 138, 141 n. 5

1. Thereafter, the landowners can object to the award, and serve citation, creating a civil case, conduct full discovery, and dispute the valuation, dispute the right to condemn if they wish, and seek damages up to the entire value of the con-

demned property. Harris County v. Gordon, 616 S.W.2d 167, 169 (Tex.1981) (Landowners had adequate remedy of damages up to value of land, so it was error to enjoin condemnor from taking immediate possession.).

(Tex.1992); *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 241–42 (Tex.1985). The parties may invoke the trial court's jurisdiction by timely objecting to the commissioners' findings. *State v. Jackson*, 388 S.W.2d 924, 925 (Tex.1965). The proceeding then becomes a civil case, and the district court has jurisdiction to determine all issues in the suit. *City of Carrollton v. OHBA Corp.*, 809 S.W.2d 587, 588–89 (Tex.App.—Dallas 1991, no writ); *see* TEX.PROP.CODE ANN. § 21.003 (Vernon 1984). Without a timely filed objection, however, an eminent domain proceeding never becomes a civil case. *Dickey v. City of Houston*, 501 S.W.2d 293, 294 (Tex.1973) (affirming rulings that the trial court had no jurisdiction). As the Texas Supreme Court has explained:

> The nature of this action is of controlling significance. A judgment which a county court renders upon the basis of an award to which there have been no objections is the judgment of a special tribunal. Such a judgment is ministerial in nature and is the judgment of an administrative agency. It is not a judgment from which an appeal will lie. It is not a judgment in a civil suit, because the proceedings did not reach the stage of "a case in court."

*Rose v. State*, 497 S.W.2d 444, 445 (Tex.1973) (citations omitted).

■ Thus, the portion of the condemnation proceeding before the commissioners is an administrative proceeding completely separate from any judicial proceeding that may later take place. *State v. Giles*, 368 S.W.2d 943, 945 (Tex.1963). The Property Code says nothing about giving the trial court power to oversee the exercise of the commissioners' powers during this administrative proceeding. *Blasingame*, 800 S.W.2d at 394. Further, in Section 21.015, the legislature expressly delegated to the commissioners the authority and limited discretion to administer the time and place of hearings:

> (a) The special commissioners in an eminent domain proceeding shall promptly schedule a hearing for the parties at the earliest practical time and at a place that is as near as practical to the property being condemned or at the county seat of the county in which the proceeding is being held.
>
> (b) After notice of the hearing has been served, the special commissioners shall hear the parties at the scheduled time and place or at any other time or place to which they may adjourn the hearing.

TEX.PROP.CODE ANN. § 21.015 (Vernon 1984).

■ The real parties in interest ask us to hold that the court has administrative jurisdiction to control the timing of the commissioners' hearings. The statute, however, expressly delegates authority to set and adjourn the commissioners' hearing to the commissioners, not to the court. We cannot rewrite the statute. *See Harris County v. Gordon*, 616 S.W.2d 167, 169 (Tex.1981).

■ The eminent domain statute is designed to provide a speedy and fair assessment of damages. *Peak Pipeline Corp. v. Norton*, 629 S.W.2d 185, 187 (Tex.App.—Tyler 1982, no writ). It is well settled that a court is not to enjoin or otherwise hinder or delay the special commissioners from proceeding with the condemnation hearing. *E.g. Peak Pipeline*, 629 S.W.2d at 186. A sixty-day continuance is little different from abating or enjoining the commissioners' proceedings for sixty days. *See Giles*, 368 S.W.2d at 947 (mandamus against district court for temporary restraining order halting commissioners' hearings); *OHBA Corp.*, 809 S.W.2d at 588 (court appointing commissioners had no jurisdiction to enjoin commissioners' hearings). Either an injunction or a continuance interferes with the statutory scheme, and both are outside the scope of the trial court's jurisdiction during the administrative proceeding. The trial court had no authority to grant the continuances or set the hearing dates, and entering these void orders was a clear abuse of discretion. *Cf. Dallas/Fort Worth Internat'l Airport Bd. v. City of Irving*, 868 S.W.2d 750, 751 (Tex.1993) (prohibition requiring court to vacate order interfering with jurisdiction of other district court); *Miller v. Woods*, 872 S.W.2d 343, 346 (Tex.App.—Beaumont 1994, orig. proceeding) (mandamus requiring court to vacate district court probate judgment rendered without jurisdiction).

We note that in an ordinary lawsuit over which the court has jurisdiction, the granting of a continuance is an incidental ruling not subject to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992). Similarly, appeal is ordinarily an adequate remedy for overruling a plea to the jurisdiction. *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.1990) (case was not within one of the exceptions to the general rule that appeal is an adequate remedy for denial of a plea to the jurisdiction). There is no adequate remedy by appeal only when parties are in danger of permanently losing substantial rights; merely showing that appeal would involve more expense or delay than obtaining a writ of mandamus does not make appeal an inadequate remedy. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304 (1994). As the Texas Supreme Court noted in the context of personal jurisdiction, however, a trial court "may act with such disregard for guiding principles of law that the harm to the defendant becomes irreparable, exceeding mere cost and delay." 876 S.W.2d at 308–09.

Appeal is not an adequate remedy in this case. The Property Code implements a legislative policy designed to avoid the delays that occur in court proceedings. It provides condemnors a substantial right to an expedited hearing and possession of the easement immediately after the commissioners file their findings. As with arbitration clauses, failure to issue mandamus would vitiate and render illusory the right to a rapid, inexpensive alternative to traditional litigation. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992). The only appeal from the commissioners' administrative hearing is a *de novo* trial before the court that caused the delay. Such an appeal would vacate the commissioners' award, would cause more delay, and would fail to remedy the construction losses the Relator incurred by relying on the court and the commissioners to follow the law. Neither the district court nor a court of appeals has any mechanism by which it could return the expedited procedure and costs of which the Relator was deprived. *See also Braden v. Downey*, 811 S.W.2d 922, 930 (Tex. 1991) ("Time spent is different from money paid; recovery of the latter may be problematic, but recovery of the former is impossible.").

The delay involved in this case is not the delay of waiting until a court proceeding is over to appeal, but the delay of wrongfully halted proceedings over which another body has jurisdiction. *Cf. HCA Health Servs. v. Salinas*, 838 S.W.2d 246, 248 (Tex.1992) (no adequate remedy by appeal for litigation deadlocked when two courts attempted to exercise jurisdiction). The void orders conflict with the separate orders the commission already entered, and will conflict with any order the commissioners issue setting the hearings pursuant to their statutory duty within the period of the continuance. Thus, the legal expense and delay before obtaining relief to which the Texas Supreme Court referred in *Canadian Helicopters* is distinguishable from the increased construction expenses and delay depriving the Relator of expedited proceedings in the present case.

In the administrative proceeding below, there is no lawsuit, the trial court has no jurisdiction to reset hearings, and the court's interference strikes at the heart of the legislative policy establishing the commissioners' proceeding. Mandamus and prohibition are appropriate because the trial court abused its discretion by entering void orders, and the Relator has no adequate remedy by appeal or otherwise. A writ of mandamus shall conditionally issue, directing that the Honorable Ricardo Garcia shall vacate his orders granting continuances dated July 27, 1994 in causes 17–C, 18–C, 19–C, and 21–C. A writ of prohibition shall conditionally issue, directing that the Honorable Ricardo Garcia shall refrain from issuing or enforcing any orders directly or indirectly interfering with the commissioners' statutory duties to set and conduct the hearings in causes 17–C, 18–C, 19–C, 20–C, and 21–C. The clerk of this court is directed to issue the writs of mandamus and prohibition to the Honorable Ricardo Garcia only if he fails or refuses to comply immediately with the terms of this opinion. All relief not expressly granted is denied.