

# IN THE
## TENTH COURT OF APPEALS

———————————

**No. 10-08-00212-CV**
**No. 10-08-00213-CV**
**No. 10-08-00214-CV**
**No. 10-08-00215-CV**
**No. 10-08-00216-CV**

## IN RE ETC KATY PIPELINE, LTD

———————————

## Original Proceeding

---

## MEMORANDUM OPINION

---

ETC Katy Pipeline, LTD. (ETC) filed a petition for writ of mandamus in each of these five original proceedings challenging the trial court's orders denying its motions to appoint special commissioners and its orders granting the landowners' motions to dismiss in each of the underlying cases.[1]  We will conditionally grant the writ in each case.

---

[1]      The real-parties-in-interest/landowners in the five cases are FPJ Pipeline Corridor No. 1 L.L.C., FPJ Land Company, L.T.D., Reagan Management Company, Frederick L. Reagan, John F. Reagan, Patricia R. Myrick, FLR Pipeline Corridor No.1 L.L.C., Camp Cooley, LTD., North CC Pipeline Corridor, L.L.C., Martin Pipeline Corridor, L.L.C., Circle M Ranch, LTD., Ruth Martin Ranch, Inc., McCormick Pipeline

## Background

On February 14, 2008, ETC, a gas utility company, filed five original petitions for condemnation seeking to obtain property from the landowners through eminent domain. Commissioners were appointed and a special commissioners' hearing was set. On the day of the hearing, counsel for ETC told the landowners and the special commissioners that it did not want to have the hearing and that it would be dismissing its cases. ETC filed motions to dismiss and notices to nonsuit its claims against the landowners on March 12, 2008 and, through alleged inadvertence, requested that the cases be dismissed "with prejudice."

ETC filed its second set of five condemnation petitions, at issue in this mandamus, on March 17, 2008 in an effort to cure the errors contained in the original condemnation petitions. The trial court refused to appoint special commissioners for the second condemnation cases. The landowners filed motions to dismiss on the grounds of res judicata because the original petitions were dismissed "with prejudice." The trial court signed orders refusing to appoint special commissioners, granted the motions to dismiss, and awarded attorney's fees to the landowners. ETC brings these five petitions for writ of mandamus asking us to direct the trial court to vacate its orders denying ETC's motions to appoint special commissioners and dismissing the petitions.

Corridor, L.L.C., Kenneth C. McCormick, Sr., and Kenneth C. McCormick, Jr. The Respondent is the Honorable Robert Stem, sitting in the 82nd Judicial District Court of Robertson and Falls Counties, Texas.

## Mandamus Relief

Mandamus is "an extraordinary remedy, available only in limited circumstances." *In re Chu*, 134 S.W.3d 459, 462 (Tex. App.—Waco 2004, orig. proceeding). A writ of mandamus will issue only if (1) the trial court violates a duty imposed by law or clearly abuses its discretion, and (2) there is no other adequate remedy at law, such as an appeal. *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding); *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992)).

### *Abuse of Discretion*

ETC argues that the trial court abused its discretion when it refused to appoint special commissioners after the second petitions were filed. A condemnation proceeding is a two-part procedure involving first, an administrative proceeding, and then if necessary, a judicial proceeding. *In re State*, 65 S.W.3d 383, 385 (Tex. App.—Tyler 2002, orig. proceeding) (citing *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 241-42 (Tex. 1984)). During the administrative phase, the special commissioners award compensation for the taking and assess the costs of the proceeding. *Amason*, 682 S.W.2d at 242; *see* TEX. PROP. CODE ANN. § 21.042 (Vernon Supp. 2002), § 21.047 (Vernon 2000). A trial court does not have jurisdiction in the administrative phase of a condemnation proceeding; therefore, any judgment and order made outside of the statutory authority is void. *In re Energy Transfer Fuel, LP*, 250 S.W.3d 178, 181 (Tex. App.—Tyler 2008, orig. proceeding). The beginning phase of an eminent domain proceeding is entirely administrative, and it does not convert into a judicial proceeding until objections to the

special commissioners' award are filed. *See* TEX. PROP. CODE ANN. § 21.018 (Vernon 1984); *Denton County v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962).

Having reviewed the mandamus record before us and the applicable law, we conclude that the refusal to appoint commissioners and the "dismissal with prejudice" ruling were abuses of discretion. The trial court lacked jurisdiction to act outside of the statute during the administrative phase of the condemnation proceeding. *See In re State*, 85 S.W.3d at 875 (holding that trial court lacks jurisdiction to act beyond statute during administrative phase of proceeding and any such action is abuse of discretion). The trial court abused its discretion because it had a duty to appoint special commissioners and lacked jurisdiction to dismiss ETC's cases on res judicata grounds. We sustain ETC's first issues in each proceeding.

### Inadequate Remedy at Law

An abuse of discretion alone does not warrant the issuance of a writ of mandamus. We must also consider whether ETC has an adequate remedy at law by appeal or otherwise. There is not an adequate remedy by appeal when a party is in danger of permanent deprivation of substantial rights. *Id.* at 388. The landowners argue that an adequate remedy by appeal is available because ETC is currently pursuing appellate remedies in this court.[2] *See In re Lerma*, 144 S.W.3d 21 (Tex. App.—

---

[2] ETC filed appellate briefs with this court on August 19, 2008 arguing in two issues that (1) the trial court abused its discretion in dismissing the case with prejudice when "dismissal with prejudice" was requested inadvertently and (2) that it was error for the court to deny its post-trial motions requesting that the order be corrected and dismissed "without prejudice."

El Paso 2004, orig. proceeding) (denying writ when relator had two appeals pending when mandamus was filed).

The Fourth Court of Appeals' opinion in *Garcia* is instructive on this issue. *See Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821, 824 (Tex. App.—San Antonio 1994, orig. proceeding). In *Garcia*, the San Antonio Court of Appeals found mandamus to be proper where the relator, who was seeking to condemn an easement for a pipeline, faced a sixty-day delay in the condemnation proceeding due to the trial court's interference and penalties and expenses associated with the delay. The *Garcia* court concluded that "neither the district court nor a court of appeals has any mechanism by which it could return the expedited procedure and costs of which the relator was deprived." *Id.* The court also held that mandamus relief is generally proper when a judicial body operates to deny a litigant a peculiar right or directly interferes with the jurisdiction of another court or administrative body. *Id.*

Like *Garcia*, appeal is not an adequate remedy in this case. *In Garcia* the trial court, by way of injunction and continuance, was effectively delaying the commissioners' hearing process by sixty days. Here, the trial court has gone far beyond *Garica* by refusing to appoint special commissioners. Additionally, more than ninety days have passed since the filing of the original petition. The Property Code provides condemnors a substantial right to an expedited hearing and possession of the easement immediately after the commissioners file their findings. *See id*. The delay involved in this case, like *Garcia*, is not the delay of waiting until a court proceeding is over to appeal, but the delay of wrongfully halted proceedings over which another body has

jurisdiction. *Id.*; *cf. HCA Health Servs. v. Salinas*, 838 S.W.2d 246, 248 (Tex. 1992) (no adequate remedy by appeal for litigation deadlocked when two courts attempted to exercise jurisdiction).

Because the trial court's orders permanently deprive ETC of the substantial right of an expedited procedure and it has no adequate remedy by appeal, ETC is entitled to mandamus relief. *See Prudential*, 148 S.W. 3d at 135-39. We sustain ETC's second issue.

**Conclusion**

Having determined that the trial court was without jurisdiction to refuse to appoint special commissioners and to grant the motions to dismiss on res judicata grounds, we conditionally grant mandamus relief. *See In re Energy Transfer Fuel, LP*, 250 S.W.3d at 182; *see also Browning v. Prostok,* 165 S.W.3d 336, 346 (Tex. 2005). The writ will issue in each case only if Respondent fails to withdraw his order granting the motion to dismiss signed on March 31, 2008, or fails to appoint special commissioners within 21 days from the date of this opinion.

BILL VANCE
Justice

Before Chief Justice Gray,
     Justice Vance, and
     Justice Reyna
     (Chief Justice Gray dissents with a note)*
Petitions granted
Opinion delivered and filed October 1, 2008
[OT06]

* (Chief Justice Gray would deny each of the five petitions for writ of mandamus. A separate opinion will not issue. He notes, however, that while he agrees with the analysis of *In re State*, 65 S.W.3d 383 (Tex. App.—Tyler 2002, orig. proceeding) and *Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821 (Tex. App.—San Antonio 1994, orig. proceeding), those proceedings are easily distinguished. In *State* and *Garcia*, the administrative portion of the condemnation proceeding was ongoing, and the trial court was attempting to exercise control over and during the administrative process. No final judgment had been rendered dismissing the proceeding. Thus, the *only* way to obtain relief from the trial court's interference was by mandamus. In this proceeding, however, the trial court has rendered a final judgment of dismissal. That judgment can be directly and immediately appealed. This mandamus proceeding could be a more timely review of the trial court's judgment than a direct appeal if we give it our immediate attention. But that is also true of any proceeding that has been finally disposed by the trial court. If the appeal needs to be expedited because of the nature of the underlying dispute, it can be. But there is no justification, much less authority, for hurtling this proceeding to the front of the line because it is filed as a mandamus when a direct appeal is not only available but is actually currently pending and, if appropriate, a motion to expedite can be filed and considered. Because there is an adequate remedy by direct appeal, he would deny ETC's petition for a writ of mandamus. The Court's ruling will, of course, moot the pending appeals and therefore Chief Justice Gray would simultaneously dismiss those five proceedings.)