IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00213-CR

 

Korey Allen Parker,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 82nd District Court

Falls County, Texas

Trial Court No. 8624

 



MEMORANDUM  Opinion










 

            Korey Allen Parker was convicted of burglary
of a habitation.  Tex. Penal Code Ann.
§ 30.02(a)(1) (Vernon 2003).  He was sentenced to twenty years in prison.  We
affirm.

            Randy Deiterich came home early from
work one day and noticed a car parked along the country road on which Deiterich
lived.  When he pulled into his driveway, he saw Parker look around from the
back of a corner of Deiterich’s house.  Parker was in the area of the back
door.  Parker then fled, running through pastures and jumping over barbed-wire
fences.  While Parker was running, Deiterich saw that Parker had a pry bar in
his hand.  Deiterich then repositioned himself in his vehicle near the parked
car.  When Parker ran to the parked car, Deiterich saw that Parker no longer
had the pry bar and had pulled his shirt off and over his head.  Parker got
into the car and drove away.  He was soon caught in another town.  

            When Deiterich approached the back
door of his house, he found several items from his house in a bag outside of
the house where Parker had been seen.  A rifle of Deiterich’s that had been in
a case in the house was also outside, leaning against the house in the same
area where Parker had been seen.  

            The Falls County Sheriff and two
deputies arrived at Deiterich’s house.  No one had a camera, so no pictures of
the scene or property were taken at that time.  One of the deputies noticed pry
marks on the back door of Deiterich’s house.  Because of the texture of the
door, it was not dusted for prints.  Deiterich’s property was taken to the
Falls County Sheriff’s Office and dusted for prints.  No readable prints were
found.  Later in the week, when the deputy went back to take pictures of the
door damaged during the burglary, Deiterich had already replaced the door.  The
deputy took a picture of the damaged door which was then leaning against Deiterich’s
garage.  

            In one issue, Parker argues that the
evidence is legally insufficient to prove that he committed burglary of a
habitation because there was no direct evidence that he entered Deiterich’s
house.  When reviewing the legal sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
prosecution in order to determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560
(1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). 
Direct evidence of the elements of the offense is not required.  Hooper v.
State, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007).  Further, juries are
permitted to make reasonable inferences from the evidence presented at trial,
and circumstantial evidence is as probative as direct evidence in establishing
the guilt of an actor.  Id. at 14-15.  Circumstantial evidence alone can
be sufficient to establish guilt.  Id. at 15.

            In reviewing the evidence under the
appropriate standard, we find the evidence legally sufficient to support
Parker’s conviction for burglary of a habitation.  Parker’s sole issue is
overruled.

            The trial court’s judgment is
affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed October 6, 2010

Do
not publish 

[CR25]






 that the refusal to appoint commissioners and
the “dismissal with prejudice” ruling were abuses of discretion.  The trial
court lacked jurisdiction to act outside of the statute during the
administrative phase of the condemnation proceeding.  See In re State,
85 S.W.3d at 875 (holding that trial court lacks jurisdiction to act beyond
statute during administrative phase of proceeding and any such action is abuse
of discretion).  The trial court abused its discretion because it had a duty to
appoint special commissioners and lacked jurisdiction to dismiss ETC’s cases on
res judicata grounds.  We sustain ETC’s first issues in each proceeding.

Inadequate Remedy at Law 

An abuse of discretion alone does not warrant the
issuance of a writ of mandamus.  We must also consider whether ETC has an
adequate remedy at law by appeal or otherwise.  There is not an adequate remedy
by appeal when a party is in danger of permanent deprivation of
substantial rights.  Id. at 388.  The landowners argue that an adequate
remedy by appeal is available because ETC is currently pursuing appellate
remedies in this court.[2]  See
In re Lerma, 144 S.W.3d 21 (Tex. App.—El Paso 2004, orig. proceeding)
(denying writ when relator had two appeals pending when mandamus was filed).

The Fourth Court of Appeals’ opinion in Garcia
is instructive on this issue.  See Gulf Energy Pipeline Co. v. Garcia,
884 S.W.2d 821, 824 (Tex. App.—San Antonio 1994, orig. proceeding).  In Garcia,
the San Antonio Court of Appeals found mandamus to be proper where the relator,
who was seeking to condemn an easement for a pipeline, faced a sixty-day delay
in the condemnation proceeding due to the trial court's interference and
penalties and expenses associated with the delay.  The Garcia court
concluded that "neither the district court nor a court of appeals has any
mechanism by which it could return the expedited procedure and costs of which
the relator was deprived."  Id.  The court also held that mandamus
relief is generally proper when a judicial body operates to deny a litigant a
peculiar right or directly interferes with the jurisdiction of another court or
administrative body.  Id.

Like Garcia, appeal is not an adequate
remedy in this case.  In Garcia
the trial court, by way of
injunction and continuance, was effectively delaying the commissioners’ hearing
process by sixty days.  Here, the trial court has gone far beyond
Garica by refusing to appoint special commissioners.  Additionally, more
than ninety days have passed since the filing of the original petition.  The Property Code provides condemnors a
substantial right to an expedited hearing and possession of the easement
immediately after the commissioners file their findings.  See id. 
The delay involved in this case, like Garcia, is not the delay of
waiting until a court proceeding is over to appeal, but the delay of wrongfully
halted proceedings over which another body has jurisdiction.  Id.; cf.
HCA Health Servs. v. Salinas, 838 S.W.2d 246, 248 (Tex. 1992) (no adequate
remedy by appeal for litigation deadlocked when two courts attempted to
exercise jurisdiction).

Because the trial court's orders permanently deprive
ETC of the substantial right of an expedited procedure and it has no adequate
remedy by appeal, ETC is entitled to mandamus relief.  See Prudential,
148 S.W. 3d at 135-39.  We sustain ETC’s second issue.  

Conclusion

Having determined that the trial court was without
jurisdiction to refuse to appoint special commissioners and to grant the motions
to dismiss on res judicata grounds, we conditionally grant mandamus relief.  See
In re Energy Transfer Fuel, LP, 250 S.W.3d at 182; see also Browning
v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005).  The writ will issue in each
case only if Respondent fails to withdraw his order granting the motion to
dismiss signed on March 31, 2008, or fails to appoint special commissioners within
21 days from the date of this opinion.

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

            (Chief Justice Gray dissents with a
note)*

Petitions granted 

Opinion delivered and
filed October 1, 2008

[OT06]

 

 

*
(Chief Justice Gray would
deny each of the five petitions for writ of mandamus.  A separate opinion will
not issue.  He notes, however, that while he agrees with the analysis of In
re State, 65 S.W.3d 383 (Tex. App.—Tyler 2002, orig. proceeding) and Gulf
Energy Pipeline Co. v. Garcia, 884 S.W.2d 821 (Tex. App.—San Antonio 1994,
orig. proceeding), those proceedings are easily distinguished.  In State and
Garcia, the administrative portion of the condemnation proceeding was
ongoing, and the trial court was attempting to exercise control over and during
the administrative process.  No final judgment had been rendered dismissing the
proceeding.  Thus, the only way to obtain relief from the trial court’s
interference was by mandamus.  In this proceeding, however, the trial court has
rendered a final judgment of dismissal.  That judgment can be directly and
immediately appealed.  This mandamus proceeding could be a more timely review
of the trial court’s judgment than a direct appeal if we give it our immediate
attention.  But that is also true of any proceeding that has been finally
disposed by the trial court.  If the appeal needs to be expedited because of
the nature of the underlying dispute, it can be.  But there is no
justification, much less authority, for hurtling this proceeding to the front
of the line because it is filed as a mandamus when a direct appeal is not only
available but is actually currently pending and, if appropriate, a motion to
expedite can be filed and considered.  Because there is an adequate remedy by
direct appeal, he would deny ETC’s petition for a writ of mandamus.  The
Court’s ruling will, of course, moot the pending appeals and therefore Chief
Justice Gray would simultaneously dismiss those five proceedings.)








 









[1]
          The
real-parties-in-interest/landowners in the five cases are FPJ Pipeline Corridor
No. 1 L.L.C., FPJ Land Company, L.T.D., Reagan Management Company, Frederick L.
Reagan, John F. Reagan, Patricia R. Myrick, FLR Pipeline Corridor No.1 L.L.C.,
Camp Cooley, LTD., North CC Pipeline Corridor, L.L.C., Martin Pipeline
Corridor, L.L.C., Circle M Ranch, LTD., Ruth Martin Ranch, Inc., McCormick
Pipeline Corridor, L.L.C., Kenneth C. McCormick, Sr., and Kenneth C. McCormick,
Jr.  The Respondent is the Honorable Robert Stem, sitting in the 82nd Judicial
District Court of Robertson and Falls Counties, Texas.

 





[2]               ETC filed
appellate briefs with this court on August 19, 2008 arguing in two issues that (1)
the trial court abused its discretion in dismissing the case with prejudice
when “dismissal with prejudice” was requested inadvertently and (2) that it was
error for the court to deny its post-trial motions requesting that the order be
corrected and dismissed “without prejudice.”