# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-22-00387-CV**

---

**In re ETC Texas Pipeline, LTD.**

---

**ORIGINAL PROCEEDING FROM FAYETTE COUNTY**

---

## MEMORANDUM OPINION

Relator ETC Texas Pipeline, Ltd. (ETC) has filed a petition for writ of mandamus seeking relief from the abatement and discovery order signed by the trial court on June 22, 2022. That order abated the underlying condemnation proceeding during the administrative phase so that the parties could engage in limited discovery. For the reasons explained below, we conditionally grant mandamus relief.

## BACKGROUND

This mandamus proceeding concerns the scope of the trial court's authority to order discovery during the initial administrative phase of a condemnation proceeding. Real party in interest Teresa Garlin (Garlin) owns property in Fayette County that is subject to an oil-and-gas lease with a drilling company. In conjunction with that lease, the drilling company has a permit for drilling a horizontal well across multiple production units; the permit also requires metering to measure the production volume attributable to each unit. The drilling company, however, does not have power of eminent domain or the right to install a meter station on Garlin's property under the lease.

ETC pleads that it is a gas utility operating a system for the gathering and transportation of natural gas and all substances entrained therein. ETC seeks to locate, install, and construct a new pipeline, valve station, and related facilities to its existing system (the Pipeline), which would include an easement for a meter station and a corresponding pipeline on Garlin's property. To that end, ETC previously found and determined that public convenience and necessity require the Pipeline's placement in Fayette County and that it is in the public's interest for ETC to acquire certain property and other rights as necessary for the Pipeline, including easements on Garlin's property. However, ETC and Garlin were unable to reach an agreement regarding said easements.

ETC initiated the underlying condemnation proceeding on May 20, 2022, under Chapter 21 of the Texas Property Code. After special commissioners were appointed, but before any commissioner hearing was held, Garlin filed a plea in abatement and motion to abate. She sought to abate the underlying proceeding, including any commissioners' hearing, so that the parties could undertake discovery on whether ETC has eminent-domain authority for the taking of Garlin's property and whether the proposed taking was for a "public use." On June 22, the trial court granted the motion, ordering the proceedings abated for 75 days so the parties could engage in discovery on those two issues.

ETC now seeks mandamus relief, contending that the trial court abused its discretion by abating the condemnation proceeding and authorizing discovery during the administrative phase.

## STANDARD OF REVIEW

Mandamus is a discretionary remedy that requires Relator to show that the trial court clearly abused its discretion and no adequate remedy by appeal exists. *See In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36, 138 (Tex. 2004) (orig. proceeding). "An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, [or] made without regard for guiding legal principles or supporting evidence." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). A trial court also abuses its discretion "when it fails to analyze or apply the law correctly." *Id*.

We have previously held that a relator lacks an adequate remedy by appeal when the trial court abuses its discretion by improperly interfering with the administrative phase of a condemnation proceeding. *See In re State*, 629 S.W.3d 462, 467 (Tex. App.—Austin 2020, orig. proceeding). This is because the delay "would vitiate and render illusory the right to a rapid, inexpensive alternative to traditional litigation" the legislature intended for such proceedings. *See id.* (quoting *In re State*, 325 S.W.3d 848, 854 (Tex. App.—Austin 2010, orig. proceeding)). In this situation, preserving substantive and procedural rights from impairment or loss clearly outweighs any detriments to mandamus review. *See In re Prudential*, 148 S.W.3d at 136. ETC therefore has no adequate remedy by appeal, and mandamus relief is appropriate if the trial court has clearly abused its discretion.

## ABUSE OF DISCRETION

ETC contends that the trial court abused its discretion by abating the underlying condemnation proceeding so that discovery could be undertaken during the administrative phase.

When parties cannot agree on the price to acquire real property for public use, the condemning party with eminent-domain authority may file a petition in a county where the property is located. *See* Tex. Prop. Code §§ 21.012 (establishing requirements for condemnation petition), .013(a) (venue for condemnation proceedings). The condemnation suit then proceeds in two phases. *In re State*, 629 S.W.3d at 466. The first phase is an administrative proceeding. *In re Lazy W Dist. No. 1*, 493 S.W.3d 538, 542 (Tex. 2016) (orig. proceeding). During this phase, the trial court appoints special commissioners to assess damages at a noticed evidentiary hearing. *See* Tex. Prop. Code §§ 21.014, .015, .016. The special commissioners then determine and file with the trial court an award reflecting their opinion of the fair-market value of the property. *See id*. §§ 21.018, .048(1); *In re State*, 629 S.W.3d at 466. "It is essentially an official, compulsory mediation of the value dispute with the goal of avoiding a trial." *In re Lazy W*, 493 S.W.3d at 542. Because the administrative phase is designed to result in an efficient and quick award of damages, we have previously described the authority that the trial court possesses during the administrative phase as limited to "jurisdiction to appoint the commissioners, receive their opinion as to value, . . . render judgment based upon the commissioners' award," and consider its own jurisdiction to appoint special commissioners. *In re State*, 629 S.W.3d at 466 (quoting *Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821, 822 (Tex. App.—San Antonio 1994, no writ)). The district court is otherwise without jurisdiction to interfere with the proceedings during that phase. *See Ex parte Edmonds*, 383 S.W.2d 579, 580 (Tex. 1964); *In re Lazy W*, 493 S.W.3d at 542.

If, however, either party is not satisfied with the special commissioners' award, that party may timely file an objection with the trial court, which vacates the commissioner's award and converts the administrative proceeding into a judicial proceeding. *See* Tex. Prop. Code §§ 21.018, .021(a)(1); *see also In re State*, 629 S.W.3d at 466; *Gulf Energy*, 884 S.W.2d at 823.

4

At this point, "[t]he commissioners' proceedings are ignored and the court has jurisdiction to proceed as in any other case." *In re Lazy W*, 493 S.W.3d at 542–43.

Based on the record before us, the trial court abused its discretion by abating the administrative phase of the condemnation phase to allow premature discovery. "An eminent domain proceeding is not within the general jurisdiction of the court; any power to act is special and depends upon the eminent domain statute." *In re Energy Transfer Fuel, LP*, 250 S.W.3d 178, 180–81 (Tex. App.—Tyler 2008, orig. proceeding). The trial court does not possess any express authority to allow discovery during the administrative phase under the relevant statutes. *In re State*, 629 S.W.3d at 466 (explaining that Property Code limits trial court's authority during administrative phase to "jurisdiction to appoint the commissioners, receive their opinion as to value, and render judgment based upon the commissioners' award").

Garlin disagrees, making passing reference to Section 21.025 of the Texas Property Code as granting the trial court authority to enforce and compel discovery. That statute, however, contains no provision allowing the trial court to suspend the administrative phase for the parties to participate in discovery. *See* Tex. Prop. Code § 21.025 (requiring condemning party to produce information relating to property condemnation when requested by person who owns said property). Nor has Garlin pointed to any example of a court relying on Section 21.025 to enforce discovery during the administrative phase. *Cf. In re DeRuiter Ranch, LLC*, No. 13-21-00001-CV, 2021 WL 4445356, at *1, *6 (Tex. App.—Corpus Christi–Edinburg Sept. 28, 2021, orig. proceeding) (mem. op.) (granting mandamus relief from trial court's failure to grant discovery on "public use" during judicial phase of condemnation proceeding). Allowing such discovery would also run counter to the clear demarcation that the trial court may "try the case in the same manner as other civil causes" only after a party files an objection to the special commissioners' findings.

5

*See* Tex. Prop. Code § 21.018(b). Given the clear legislative intent for the "special commissioners [to] convene and render an award expeditiously and without interference from the trial court" during the administrative phase that undergirds the entire condemnation two-phase framework, *see In re Lazy W*, 493 S.W.3d at 544, Section 21.025 alone does not authorize such discovery during the administrative phase, *see In re State*, 629 S.W.3d at 468 (explaining that legislative intent is determined based on entire statutory scheme, not only isolated portions).

Garlin also argues that the two discovery issues—the condemnor's eminent domain authority and whether the taking is for "public use"—are jurisdictional issues that can be properly considered by the trial court during the administrative phase. The Texas Supreme Court has recognized that a trial court retains jurisdiction "to determine [its] own jurisdiction" during the administrative phase. *In re Lazy W*, 493 S.W.3d at 543–44 (quoting *Houston Mun. Emp. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007)). That is, the trial court possesses inherent jurisdiction to determine "whether it has the constitutional or statutory authority to decide the case." *Id*. at 544 (quoting *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). But *In re Lazy W* concerned sovereign immunity, clearly implicating the "court's subject-matter jurisdiction over pending claims." *Id*. (quoting *Zachry Constr. Corp. v. Port of Houst. Auth.*, 449 S.W.3d 98, 105 (Tex. 2014)). The present dispute instead concerns whether ETC has the power of eminent domain and whether the intended taking of Garlin's property is for a public use.[1] *See* Tex. Util. Code § 181.004 ("A gas or electric corporation has the right and power to enter on, condemn, and appropriate the land, right-of-way, easement, or other property of any person or corporation."); *id*. § 121.001(a) (defining "gas utility"); Tex. Prop. Code § 21.012(a)

---

[1] We need not, and do not, decide those issues in this original proceeding.

(requiring that "entity with eminent domain authority [who] wants to acquire real property" do so "for public use"). The presence or absence of these types of statutory elements are issues commonly decided by courts during the judicial phase. *See, e.g.*, *Texas Rice Land Partners, Ltd. v. Denbury Green Pipeline-Tex., LLC*, 363 S.W.3d 192, 198 (Tex. 2012); *Coastal States Gas Producing Co. v. Pate*, 309 S.W.2d 828, 831 (Tex. 1958). Still further, Garlin has failed to demonstrate that either requirement implicates subject-matter jurisdiction. *See Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 183 (Tex. 2004) (holding that other statutory requirements under Section 21.012(a) are mandatory but not jurisdictional).

Even if we assume that those requirements are jurisdictional, the trial court still would have abused its discretion. *In re Lazy W* recognizes that a trial court may decide jurisdictional issues during the administrative phase when those issues are raised as part of an early jurisdictional challenge to the court's subject-matter jurisdiction. *See In re Lazy W*, 493 S.W.3d at 544 ("We do not hold that a trial court must make an early ruling in every situation, only that the trial court did not abuse its discretion in determining to do so here."). In contrast, Garlin filed a plea in abatement to allow further discovery on the issues but did not file a plea to the jurisdiction or otherwise raise an immediate jurisdictional challenge. *See id.* at 544 n.43 ("We do not suggest that a trial court should consider other sorts of dilatory pleas that do not challenge the court's power to proceed."). Garlin also concedes that the purpose of abatement and discovery was to expedite resolution of the forthcoming judicial phase—not to advance an early jurisdictional challenge to avoid a "probable waste of time and effort" by participating in the administrative phase. *See id.* at 544. Such preemptive discovery is not authorized under the eminent-domain statutes and to allow such discovery is contrary to the purpose of the bifurcated condemnation procedure. *See In re State*, 629 S.W.3d at 466; *see also In re Lazy W*, 493 S.W.3d at 544 ("As our

7

cases reflect, it is important that the special commissioners convene and render an award expeditiously and without interference from the trial court."). Accordingly, the trial court clearly abused its discretion when it exceeded its jurisdiction by abating the proceeding and allowing this discovery during the administrative phase of the underlying proceeding. *See In re State*, 629 S.W.3d at 467.

## CONCLUSION

We conditionally grant ETC's petition for writ of mandamus and direct the trial court to vacate its June 22, 2022 order granting the plea in abatement and motion to abate. The writ will issue only if the trial court fails to comply.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Filed: August 3, 2022

8