

# NUMBER 13-25-00383-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE BAY RUNNER PIPELINE, LLC

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Silva**

By amended petition for writ of mandamus, relator Bay Runner Pipeline, LLC (Bay Runner) contends that the trial court[1] abused its discretion by: (1) failing to timely appoint special commissioners and alternate special commissioners in accordance with the Texas Property Code; and (2) requiring a hearing before making these appointments. We

---

[1] This original proceeding arises from trial court cause number 2025-CV-0225-A in the 197th District Court of Willacy County, Texas, and the respondent is the Honorable Adolfo Cordova. *See* TEX. R. APP. P. 52.2.

conditionally grant mandamus relief.

## I. BACKGROUND

On June 2, 2025, Bay Runner filed an original petition for condemnation against real party in interest Martha McGee regarding a parcel of land that she owns in Willacy County, Texas. Bay Runner alleged that it was developing an approximately 145-mile intrastate pipeline to transport natural gas from Nueces County, Texas, south through Kleberg, Kenedy, and Willacy Counties, ultimately terminating in Cameron County, Texas. Bay Runner explained that upon commencement of operations, the pipeline would transport up to 2.5 billion cubic feet per day of natural gas on behalf of unaffiliated third parties for a transportation fee. Bay Runner explained that it needed to acquire easements and other property rights to construct the pipeline and that it had made "good faith efforts to negotiate and amicably acquire" McGee's property; however, McGee had not accepted its offers. Bay Runner thus sought to acquire temporary and permanent easements and a right of way across McGee's property by eminent domain. In its prayer for relief, Bay Runner requested that:

1. The Court appoint three disinterested real property owners who reside in Willacy County as special commissioners and two disinterested real property owners who reside in Willacy County as alternate commissioners;

2. The special commissioners promptly schedule a hearing at a location as near as practical to the Property;

3. The special commissioners assess damages fairly, impartially, and according to the law;

4. Bay Runner be awarded possession pending litigation upon satisfaction of the statutory requirements;

5. The Court enter judgment vesting Bay Runner with the Easements and property rights sought in this condemnation action; and

2

6.	The Court award Bay Runner its costs of suit and any other relief to which Bay Runner may be entitled.

On July 23, 2025, Bay Runner filed an emergency motion to appoint special commissioners. In this motion, Bay Runner explained that the Texas Property Code specifically requires the trial court to appoint special commissioners within thirty days of the date that a condemnation petition has been filed, and it asserted that it had filed its original petition on June 2, 2025, and the thirty-day window for the trial court to appoint special commissioners had passed. *See* TEX. PROP. CODE ANN. § 21.014(a). Accordingly, Bay Runner requested the trial court to "immediately appoint special commissioners without additional delay or hearing."

On July 30, 2025, counsel for Bay Runner sent the trial court a letter regarding this case and several other eminent domain cases that it had filed in the 197th District Court from May 30, 2025, through June 10, 2025. Bay Runner advised the trial court that the Texas Property Code required it to appoint special commissioners no later than thirty days after the petitions in these cases were filed, and the thirty-day window in each of the referenced cases expired from June 30, 2025, through July 10, 2025. Bay Runner explained that it had contacted the trial court's staff to see if orders were forthcoming or if the trial court required additional information; however, "staff advised that the [trial c]ourt would require a hearing prior to issuing any orders appointing special commissioners, and the earliest date for a hearing would be August 20, 2025." Bay Runner informed the trial court that construction on the pipeline was due to commence on October 1, 2025, and it needed to start construction on that date to complete construction in accordance with its contractual commitments. Bay Runner further stated that "[t]he impending

3

construction start date, the negative ripple effect of delay, and the significant impact of multiple gaps in property rights along the route, have left Bay Runner with no alternative other than to file a Petition for Writ of Mandamus at [the] Thirteenth Court of Appeals." Nevertheless, the trial court did not appoint special commissioners, act on Bay Runner's emergency motion, or set a hearing regarding this case.

On July 30, 2025, Bay Runner filed this original proceeding. By order issued on July 31, 2025, we requested McGee or any others whose interests might be affected by the relief sought to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8. On August 5, 2025, McGee, who is proceeding pro se, filed a response stating that she has "no knowledge or feedback regarding this writ."

## II.    STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

Alternatively, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re*

4

*Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding)). In such circumstances, the relator need not show it lacks an adequate appellate remedy. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

### III.   EMINENT DOMAIN

Chapter 21 of the Texas Property Code governs the exercise of eminent domain authority. *See* TEX. PROP. CODE ANN. §§ 21.001–.103; *REME, L.L.C. v. State*, 709 S.W.3d 608, 611 (Tex. 2025) (per curiam). "The eminent domain statute is designed to provide a speedy and fair assessment of damages." *City of Killeen v. Oncor Elec. Delivery Co.*, 709 S.W.3d 746, 754 (Tex. App.—Austin 2025, no pet.) (quoting *Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821, 823 (Tex. App.—San Antonio 1994, orig. proceeding)). To facilitate this goal, the Texas Property Code has established a two-part procedure for condemnation proceedings. *City of Killeen*, 709 S.W.3d at 754.

The first phase of a condemnation proceeding is administrative in nature, and the second, which may not be necessary, is judicial in nature. *In re Lazy W Dist. No. 1*, 493 S.W.3d 538, 542 (Tex. 2016) (orig. proceeding); *City of Killeen*, 709 S.W.3d at 754. In the administrative phase, the condemnor seeking to acquire real property for a public use must make a bona fide offer to acquire the property from the landowner. *See* TEX. PROP. CODE ANN. § 21.0113(a). If the condemnor and the landowner cannot agree on the value of the property, the condemnor may file a petition seeking condemnation in the county in which the land is located. *Id.* § 21.013(a); *see Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 183–84 (Tex. 2004); *State v. LBJ/Brookhaven Inv'rs, L.P.*, 650

S.W.3d 922, 929 (Tex. App.—Dallas 2022, pet. denied). Once a condemnation petition has been filed:

> The judge of a court in which a condemnation petition is filed or to which an eminent domain case is assigned shall, not later than the 30th calendar day after the petition is filed, appoint three disinterested real property owners who reside in the county as special commissioners to assess the damages of the owner of the property being condemned and appoint two disinterested real property owners who reside in the county as alternate special commissioners.

TEX. PROP. CODE ANN. § 21.014(a). The special commissioners swear to assess the damages at issue "fairly, impartially, and according to the law." *Id.* § 21.014(b). They hold an evidentiary hearing, determine just compensation for the landowner, and file their award with the court. *See In re Lazy W Dist. No. 1*, 493 S.W.3d at 541 (citing TEX. PROP. CODE ANN. §§ 21.014–.016, .041–.043, .047–.048). "The landowner may, but need not, participate in proceedings before the commissioners." *Id.* at 541–42. If the parties do not file a timely objection to the commissioners' award, the trial court "shall adopt the commissioners' findings as the judgment of the court." TEX. PROP. CODE ANN. § 21.061.

The Texas Supreme Court has explained that this initial administrative phase, as described above, "is essentially an official, compulsory mediation of the value dispute with the goal of avoiding a trial." *In re Lazy W Dist. No. 1*, 493 S.W.3d at 542. During this phase, "trial courts lack jurisdiction to interfere with [the administrative] proceedings pending before the commissioners." *Id.* In the administrative phase, the trial court only possesses jurisdiction to appoint the commissioners, receive their opinion as to value, and render judgment based upon the commissioners' award, and to consider its own jurisdiction to appoint special commissioners. *See id.* at 543–44; *City of Killeen*, 709 S.W.3d at 754–55; *In re State*, 629 S.W.3d 462, 466 (Tex. App.—Austin 2020, orig.

proceeding); *Gulf Energy Pipeline Co.*, 884 S.W.2d at 822. "A condemnation proceeding is not within the general jurisdiction of the trial court; instead, the trial court's power to act is special and is derived from the eminent domain statute." *Spoon Ranch Family Ltd. P'ship v. Atmos Energy Corp.*, 680 S.W.3d 694, 699 (Tex. App.—Eastland 2023, pet. denied).

If, on the other hand, a party files a timely objection to the commissioner's award, the condemnation proceedings enter the second, judicial phase. *In re Lazy W Dist. No. 1*, 493 S.W.3d at 543. If a timely objection is filed, the trial court must vacate the award, cite the adverse party or parties, and "try the case in the same manner as other civil causes." TEX. PROP. CODE ANN. § 21.018(b). The condemnor is nevertheless entitled to immediate possession of the property on payment of the commissioners' award. *See id.* § 21.021(a).

## IV. ANALYSIS

In this original proceeding, Bay Runner asserts that the trial court abused its discretion by failing to timely appoint the commissioners and by requiring a hearing before doing so. McGee takes no position on these matters. The trial court's duty to act at this juncture of the case is delineated and controlled by the Texas Property Code as construed by the Texas Supreme Court. *See id.* § 21.014(a); *In re Lazy W Dist. No. 1*, 493 S.W.3d at 542. We construe the language of the Texas Property Code as a matter of law. *GEO Grp., Inc. v. Hegar*, 709 S.W.3d 585, 591 (Tex. 2025).

The code states that when a condemnation petition has been filed, the judge "shall, not later than the 30th calendar day after the petition is filed," appoint special commissioners and alternate special commissioners. TEX. PROP. CODE ANN. § 21.014(a).

7

The use of the word "shall" imposes a mandatory duty. *See In re Rogers*, 690 S.W.3d 296, 300–01 (Tex. 2024) (orig. proceeding) (per curiam); *see also* TEX. GOV'T CODE ANN. § 311.016(2). Stated otherwise, it is the "absolute duty" of the trial court to appoint commissioners once a petition for condemnation has been filed. *Peak Pipeline Corp. v. Norton*, 629 S.W.2d 185, 186 (Tex. App.—Tyler 1982, no writ); *see also In re Elec. Transmission Tex., LLC*, No. 13-15-00423-CV, 2015 WL 6759238, at *7 (Tex. App.—Corpus Christi–Edinburg Nov. 2, 2015, orig. proceeding) (mem. op.).

Here, Bay Runner filed a condemnation petition thereby triggering the trial court's duty to timely appoint the commissioners; however, the trial court failed to do so as required by the Texas Property Code. *See* TEX. PROP. CODE ANN. § 21.014(a). The record before the Court does not reflect that any party has alleged jurisdictional defects in the condemnation proceedings. *See In re Lazy W Dist. No. 1*, 493 S.W.3d at 543–44; *City of Killeen*, 709 S.W.3d at 755. Under these circumstances, the trial court abused its discretion by failing to timely appoint the commissioners and by requiring the parties to appear for a hearing. *See* TEX. PROP. CODE ANN. § 21.014(a); *In re In re Lazy W District No. 1*, 493 S.W.3d at 543–44; *City of Killeen*, 709 S.W.3d at 754–55; *Gulf Energy Pipeline Co.*, 884 S.W.2d at 822; *see also In re Elec. Transmission Tex., LLC*, 2015 WL 6759238, at *8. In this regard, we have held that "a petition for writ of mandamus is an appropriate vehicle to review a trial court's order refusing or delaying the appointment of special commissioners in a condemnation proceeding because such orders exceed the jurisdiction of the court." *In re Elec. Transmission Tex., LLC*, No. 13-15-00423-CV, 2015 WL 6759238, at *4; *see Gulf Energy Pipeline Co.*, 884 S.W.2d at 824; *see also In re ETC Katy Pipeline, Ltd.*, 276 S.W.3d 562, 563 (Tex. App.—Waco 2008, orig. proceeding) (op.

8

denying reh'g). Based on the foregoing, we sustain both issues presented in this original proceeding.

## V. CONCLUSION

The Court, having examined and fully considered Bay Runner's amended petition for writ of mandamus, McGee's response, and the applicable law, is of the opinion that Bay Runner has met its burden to obtain relief. Accordingly, we conditionally grant the amended petition for writ of mandamus, and we direct the trial court to immediately issue an order appointing special commissioners and alternate special commissioners. Our writ will issue only if the trial court fails to comply.

CLARISSA SILVA
Justice

Delivered and filed on the
12th day of August, 2025.