ACCEPTED
01-14-00899-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/9/2015 3:56:45 PM
CHRISTOPHER PRINE
CLERK

_____

# NO. 01-14-00899-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/9/2015 3:56:45 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS FOR THE FIRST JUDICIAL DISTRICT OF TEXAS AT HOUSTON

_____

THE STATE OF TEXAS,

APPELLANT

VS.

TITAN LAND DEVELOPMENT, INC. AND BAUER-HOCKLEY 550, LP,

APPELLEES.

_____

On Interlocutory Appeal from the
County Civil Court at Law No. 4, Texas
Cause No. 1042641
(Judge Roberta Lloyd, Presiding)

_____

## INITIAL BRIEF OF APPELLEES

_____

MCFARLAND PLLC
Charles B. McFarland
State Bar No. 00794269
712 Main Street, Suite 1500
Houston, Texas 77002-3207
Tel 713. 325. 9701
Fax 844. 270. 5032
cmcfarland@mcfarlandpllc.com


ATTORNEYS FOR APPELLEES,
Titan Land Development, Inc. and
Bauer-Hockley 550, LP

**March 9, 2015**                    **ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................i

INDEX OF AUTHORITIES ..............................................................................ii

REQUEST FOR ORAL ARGUMENT .............................................................iv

RECORD REFERENCES .................................................................................iv

STATEMENT OF THE CASE ...........................................................................v

ISSUES PRESENTED........................................................................................vi

STATEMENT OF FACTS .................................................................................1

SUMMARY OF ARGUMENT ..........................................................................2

ARGUMENT ......................................................................................................3

I.  THE TRIAL COURT DID NOT ERR IN DETERMINING THAT THE STATE
    COULD NOT ENLARGE THE PERIOD FOR FILING OBJECTIONS BY
    DELAYING FILING THE AWARD ITH THE COURT. ...............................................3

    A.  Section 21.048 Of The Texas Property Code Is Mandatory And
        Required The Award To Be Filed Within A Day Of The
        Decision.........................................................................................3

    B.  The Trial Court Lacked Jurisdiction To Compel The Filing Of
        The Award. .....................................................................................3

    C.  The Statutory Framework Does Not Require Section 21.018 Of
        The Texas Property Code To Trump Section 21.048. ..........................6

    D.  The Deadline For Filing Objections To The Award Was Not
        Tolled.............................................................................................8

PRAYER ............................................................................................................10

CERTIFICATE OF SERVICE .........................................................................11

CERTIFICATE OF COMPLIANCE ................................................................12

i

# INDEX OF AUTHORITIES

Page(s)

**Cases**

*Amason v. Natural Gas Pipeline Co.*
682 S.W.2d 240 (Tex. 1985) ...............................................................5

*Bailey v. Gardner*
154 S.W.3d 917 (Tex. App.—Dallas 2005, no pet.) ....................................10

*Bilinsco Inc. v. Harris Cnty. Appraisal Dist.*
321 S.W.3d 648 (Tex. App.—Houston [1st Dist.] 2010, no pet.)................10

*Blasingame v. Krueger*
800 S.W.2d 391 (Tex. App.—Houston [14th Dist.] 1990, no writ)...........4, 6

*City of Carrollton v. OHBA Corp.*
809 S.W.2d 587 (Tex. App.—Dallas 1991, no writ)....................................5

*Coastal Indust. Water Auth. v. Celanese Corp. of Am.*
592 S.W.2d 597 (Tex. 1979) ...............................................................7

*Dickey v. City of Houston*
501 S.W.2d 293 (Tex. 1973) ...............................................................5

*Gulf Energy Pipeline Co. v. Garcia*
884 S.W.2d 821 (Tex. App.—San Antonio 1994, orig. proceeding)..........6, 7

*Hand v. Stevens Transp., Inc. Employee Benefit Plan*
83 S.W.3d 286 (Tex. App.—Dallas 2002, no pet.) ....................................10

*In re State*
325 S.W.3d 848 (Tex. App.—Austin 2010, no pet.)....................................7

*Irwin v. Dep't of Veterans Affairs*
498 U.S. 89, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990) ................................10

ii

*John v. State*
826 S.W.2d 138 (Tex. 1992) ....................................................... 4, 7, 8, 9, 10

*Lehman v. United States*
154 F.3d 1010 (9th Cir.1998) ...................................................................10

*Oncor Elec. Delivery Co. LLC v. Schunke*
No. 04-13-00067-CV, 2013 WL 6672494
(Tex. App.—San Antonio 2013, pet. dism'd) ...................................................9

*Pearson v. State*
159 Tex. 66, 315 S.W.2d 935 (1958) ...............................................................4

*Rose v. State*
497 S.W.2d 444 (Tex. 1973) ......................................................................5

*State v. Garland*
963 S.W.2d 95 (Tex. App.—Austin 1998, pet. denied) ......................... 3, 4, 6

*State v. Giles*
368 S.W.2d 943 (Tex. 1963) ......................................................................5

*State v. Jackson*
388 S.W.2d 924 (Tex. 1965) ......................................................................5

**Statutes**

TEX. GOV'T CODE §311.014 ...............................................................................v, 2

TEX. PROP. CODE §21.003 ..............................................................................5

TEX. PROP. CODE §21.018 ............................................................... v, 2, 4, 6, 7, 8

TEX. PROP. CODE §21.048 ....................................................... v, 1, 2, 3, 4, 6, 7, 8, 9

TEX. PROP. CODE §21.049 ....................................................................... 6, 7, 8, 9

TEX. PROP. CODE §21.061 ...........................................................................2

**Rules**

TEX. R. APP. P. 9.4(i).....................................................................................12

**REQUEST FOR ORAL ARGUMENT**

Appellees, Titan Land Development, Inc. and Bauer-Hockley 550, LP, respectfully request the opportunity to present oral argument in connection with this appeal.

**RECORD REFERENCES**

In this Brief, the following record citation forms will be used:

| Clerk's Record (276 pages) | CR [page] |
| --- | --- |

# STATEMENT OF THE CASE

*Nature of Case:*   Appellant, the State of Texas (the "State"), filed a statutory condemnation against Appellees, Titan Land Development, Inc. and Bauer-Hockley 550, LP (the "Landowners"), for the acquisition of 85.02 acres of land for the State's Grand Parkway (State Highway 99) project in Harris County, Texas. CR 5-29.

*Course of Proceedings:*   The hearing before special commissioners took place on May 1, 2014. On May 1, 2014, the special commissioners made a written statement of their decision stating the damages (the "award") pursuant to Section 21.048 of the Texas Property Code and provided the award to the State's attorney to be filed with the trial court. The State delayed until May 7, 2014 before filing the award with the trial court. CR 42, 43. The State was required to file its objections on or before Tuesday, May 27, 2014 pursuant to Section 21.018(a) of the Texas Property Code and Section 311.014(b) of the Texas Government Code. The State delayed until May 30, 2014 to file objections to the award. CR 83. The Landowners filed a motion for entry of judgment in the absence of timely-filed objections. CR 98.

*Trial Court's Disposition:*   On August 1, 2014, the trial court granted the Landowners' motion for entry of judgment and entered judgment in the absence of objections. The State filed a motion for new trial, which was denied. CR 188, 258. The State filed notice of this appeal on October 30, 2014. CR 260.

# ISSUES PRESENTED

Whether the trial court properly concluded that the State could not unilaterally extend its deadline for appealing the administrative award by delaying to file the award in the trial court for seven days, when the special commissioners entrusted the award to the State to be timely filed and when the Texas Property Code required the award to be filed "on the day the decision is made or on the next working day after the day the decision is made."

## STATEMENT OF FACTS

This is a statutory condemnation case governed by the Texas Property Code. The State filed its condemnation petition on January 10, 2014 to acquire 85.02 acres of land owned by the Landowners for the extension of State Highway 99 (the Grand Parkway) in northwest Harris County, Texas. CR 5, 9. The administrative hearing before special commissioners took place on May 1, 2014. CR 33. On that same day, the special commissioners made a written statement of their decision stating the damages pursuant to Section 21.048 of the Texas Property Code. CR 43, 46. The special commissioners provided this written statement to the State's attorney to be filed with the court. CR 151.

Section 21.048 of the Texas Property Code required the award to be filed on or before May 2, 2014. TEX. PROP. CODE §21.048 ("After the special commissioners in an eminent domain proceeding have assessed the damages, they shall . . . make a written statement of their decision stating the damages, date it, sign it, and file it and all other papers connected with the proceeding with the court on the day the decision is made or on the next working day after the day the decision is made"). In violation of the statute, the State delayed six days, until May 7, 2014, before filing the award with the court. CR 42, 43.

The Monday following twenty days from May 2, 2014, was May 26, 2014. Because May 26, 2014 was a legal holiday (Memorial Day), the State was required

to file its objections on or before Tuesday, May 27, 2014, pursuant to Section 21.018(a) of the Texas Property Code and Section 311.014(b) of the Texas Government Code. The State did not file objections to the Special Commissioners Award until May 30, 2014. CR 83. This was not timely.

In the absence of timely-filed objections to the award, the Landowners moved for entry of judgment requesting the trial court to adopt the commissioners' findings as the judgment of the court pursuant to Section 21.061 of the Texas Property Code. CR 98. On August 1, 2014, the trial court granted the Landowners' motion for entry of judgment and entered judgment in the absence of objections. CR 155, 157-59.

The State filed a motion for a new trial, for reconsideration of its order granting the Landowners' motion for entry of judgment, and for vacation of the trial court's judgment. CR 188-96. The State's motion was heard on October 8, 2014. CR 256. The trial court denied the motion on October 22, 2014. CR 258. This appeal followed. CR 260.

## SUMMARY OF ARGUMENT

The State cannot take advantage of its own delay in filing the award beyond what was permitted by Section 21.048 of the Texas Property Code to enlarge the statutory period within which its objections must be filed.

2

## ARGUMENT

**I. THE TRIAL COURT DID NOT ERR IN DETERMINING THAT THE STATE COULD NOT ENLARGE THE PERIOD FOR FILING OBJECTIONS BY DELAYING FILING THE AWARD ITH THE COURT.**

### A. Section 21.048 Of The Texas Property Code Is Mandatory And Required The Award To Be Filed Within A Day Of The Decision.

The language of Section 21.048 of the Texas Property Code is mandatory: the Special Commissioners "shall" file their decision with the court "on the day the decision is made or on the next working day after the day the decision is made." TEX. PROP. CODE §21.048. The Special Commissioners complied with this statutory obligation by entrusting the decision to the State for timely filing.

### B. The Trial Court Lacked Jurisdiction To Compel The Filing Of The Award.

The State contends that its own delay in filing the award with the trial court enlarged the period within which its objection to the award could be filed from May 27, 2014 to June 2, 2014. relying on an Austin court of appeals decision, *State v. Garland*, 963 S.W.2d 95 (Tex. App.—Austin 1998, pet. denied). Although *Garland* is directly on point and completely supports the State's position, its holding is not supported by well-established principles of Texas eminent domain law, and this Court should decline to adopt it.

As in this case, the award in *State v. Garland* was not timely filed after being entrusted to the attorney for the condemning authority. *Garland*, 963 S.W.2d at 97. The Austin court of appeals rejected what it characterized as a "merging of the

3

timetables of sections 21.018 and 21.048" and held that the landowners' remedy was to take on an extra-statutory obligation of making sure the condemning authority (or the Special Commissioners) complied with the obligations of Section 21.048:

> If any party does not receive such notice within a short period, he is alerted to check on the filing of the decision and, if necessary, ask the trial court to use its powers—be they termed "judicial" or "administrative"—to compel the filing of the decision.

*Id*. at 101. This holding implies, without any basis in the statute, that the trial court has the ability to compel the filing of the award. *Id*. at 101, n. 6. Additionally, the *Garland* court made no distinction of "whether it is the condemning authority or the special commissioners who perform the act." *Id*. at 99, n. 5.

With all respect due to the Austin court of appeals, this makes too many leaps from established condemnation law. An eminent domain proceeding is not within the general jurisdiction of the court; any power to act is special and depends upon the eminent domain statute. *Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935, 937 (1958); *Blasingame v. Krueger,* 800 S.W.2d 391, 394 (Tex. App.—Houston [14th Dist.] 1990, no writ). The statute expressly gives the court administrative jurisdiction to appoint the commissioners, receive their opinion as to value, and render judgment based upon the commissioners' award. *See John v. State,* 826 S.W.2d 138, 141 n. 5 (Tex. 1992); *Amason v. Natural Gas Pipeline Co.,* 682

4

S.W.2d 240, 241–42 (Tex. 1985). The parties may invoke the trial court's jurisdiction by timely objecting to the commissioners' findings. *State v. Jackson,* 388 S.W.2d 924, 925 (Tex. 1965). In that event, the proceeding becomes a civil case, and the court has jurisdiction to determine all issues in the suit. *City of Carrollton v. OHBA Corp.,* 809 S.W.2d 587, 588–89 (Tex. App.—Dallas 1991, no writ); *see* TEX. PROP. CODE §21.003.

Without a timely-filed objection, however, an eminent domain proceeding never becomes a civil case. *Dickey v. City of Houston,* 501 S.W.2d 293, 294 (Tex. 1973) (affirming rulings that the trial court had no jurisdiction). As the Texas Supreme Court has explained:

> The nature of this action is of controlling significance. A judgment which a county court renders upon the basis of an award to which there have been no objections is the judgment of a special tribunal. Such a judgment is ministerial in nature and is the judgment of an administrative agency. It is not a judgment from which an appeal will lie. It is not a judgment in a civil suit, because the proceedings did not reach the stage of "a case in court."

*Rose v. State,* 497 S.W.2d 444, 445 (Tex. 1973). Thus, the portion of the condemnation proceeding before the commissioners is an administrative proceeding completely separate from any judicial proceeding that may later take place. *See State v. Giles,* 368 S.W.2d 943, 945 (Tex. 1963). The Texas Property Code "says nothing about giving the trial court power to oversee the exercise of the commissioners' powers during the administrative proceeding." *Gulf Energy*

5

*Pipeline Co. v. Garcia*, 884 S.W.2d 821, 823 (Tex. App.—San Antonio 1994, orig. proceeding); *Blasingame,* 800 S.W.2d at 394 ("[I]n the absence of timely filed objections, the [trial] court has no jurisdiction to do anything more than accept and adopt the award of the special commissioners as its judgment.").

The basis of the Austin court of appeals's rejection in *Garland* of a merger of the timetables of sections 21.048 and 21.018 of the Texas Property Code was that "safeguards and remedies exist to prevent or rectify any delay in the filing of the commissioners' decision." *Garland*, 963 S.W.2d at 101. Under established condemnation law, such "safeguards and remedies" do not exist. During the administrative phase, the trial court simply lacks jurisdiction to compel the filing of the award. For this reason, the rule propounded by *Garland* should be rejected. There is simply no reason to allow the State to manipulate its own deadline for filing objections to the award.

### C. The Statutory Framework Does Not Require Section 21.018 Of The Texas Property Code To Trump Section 21.048.

Under Section 21.018, the filing deadline is tied to the day the commissioners file their findings with the court. TEX. PROP. CODE §21.018. Under Section 21.049, the clerk of the court is required to send out notice of the decision to all parties on the day the decision is filed or the next working day after the day the decision is filed. TEX. PROP. CODE §21.049. Unlike the State, the clerk of the court has no way of knowing when the commissioners' decision was made and,

therefore, when it was required to be filed with the court. Under the State's argument, once entrusted with the filing of the award it could manipulate the time period within which its own objections could be filed by delaying in filing the award with the court, despite the mandatory obligation of Section 21.048 of the Texas Property Code, and relying on the clerk of the court's issuance of notice of the decision pursuant to Section 21.049 in ignorance of the facts surrounding the timing of the decision and filing.[1] TEX. PROP. CODE §§21.048, 21.049.

Texas condemnation law and the statutory framework do not permit this result. In a condemnation action, the landowner is given a single opportunity to recover damages for the taking of his property by the state for the public benefit. *John*, 826 S.W.2d at 140 (citing *Coastal Indust. Water Auth. v. Celanese Corp. of Am.*, 592 S.W.2d 597, 599 (Tex. 1979)). "As a result, the procedures set forth in the condemnation statute must be strictly followed and its protections liberally construed for the benefit of the landowner." *Id*. Furthermore, the Texas Property Code implements a legislative policy designed to avoid the delays that occur in court proceedings. *Gulf Energy Pipeline Co.*, 884 S.W.2d at 824; *In re State*, 325 S.W.3d 848, 850 (Tex. App.—Austin 2010, no pet.) (The administrative phase is

---

[1] The State argues that the clerk was enforcing Section 21.018 as written when it informed the parties that objections were due on the first Monday following 20 days from May 7, 2014. App. Br. at 12 n. 4. The truth is the clerk was simply carrying forward the State's unauthorized delay in filing the decision.

7

designed to provide "a means to quickly award damages . . . without the delays that occur in court proceedings.").

The special commissioners were required to file their decision with the court. Instead, they gave it to the State. The State accepted the decision from the special commissioners and, therefore, the obligation of Section 21.048 to file it with the court that day or the following day. The language of Section 21.048 is mandatory, and a liberal construction of Section 21.048 for the benefit of the landowner does not permit a mechanical operation of Section 21.018 to trump the mandatory requirement of Section 21.048. Once the State accepted the special commissioners' decision, it could not enlarge its time to file objections by delaying to file it.

**D.  The Deadline For Filing Objections To The Award Was Not Tolled.**

The State's finally argues that its objections must be found timely under the equitable tolling doctrine announced in *John v. State*, relying on the clerk's alleged one-day delay (from May 8, 2014 to May 9, 2014) in sending the notice required by Section 21.049 of the Texas Property Code. App. Br. at 14.

In *John*, the special commissioners' decision was filed on April 2, 1990. 826 S.W.2d at 139. Objections to the award were due on the Monday following the twentieth day the decision was filed, or April 23, 1990. *Id*. The clerk, however, did not send notice of the award's filing until April 25, 1990. *Id*. Without a tolling of

8

the deadline to file objections, the landowner could not have complied with the statutory deadline.

> In the case at bar, the clerk failed to notify the Johns that the special commissioners' award had been filed with the court until after the deadline to object had passed. As a result, the Johns' time to object to the special commissioners' award is tolled until the clerk sends the required notice pursuant to section 21.049 of the Texas Property Code.

*Id*. at 141.

The case of *Oncor Elec. Delivery Co. LLC v. Schunke*, No. 04-13-00067-CV, 2013 WL 6672494, at *1 (Tex. App.—San Antonio 2013, pet. dism'd), is similarly inapposite. In that case, the clerk failed to send the notice to the condemning authority at all. The issue in this case was not the clerk's failure to comply with Section 21.049 of the Texas Property Code but the State's failure to comply with Section 21.048. Neither *John* nor *Schunke* address this issue, and these cases do not support the State's argument that its deadline to file objections should be tolled because of its own delay in filing the decision with the clerk.

The circumstances that warranted an extension of the doctrine of equitable tolling of the filing deadline for objections in *John* are not present in this case. Most significantly, the clerk's one-day delay in sending out the notice would not have changed the filing deadline. If the State had timely filed the commissioners' decision (on May 1, 2014 or May 2, 2014), and the clerk had delayed in mailing notice of the filing by one day, the deadline for filing objections would still have

9

been May 27, 2014. The only way the tolling of *John* could change the result in this case is if the deadline was tolled not only for the clerk's delay in mailing the notice but also for the State's delay in filing the decision. Well-established principles of equitable tolling do not allow the doctrine to go so far.

The tolling in *John* is an extension of the doctrine of equitable tolling, which applies "where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period, or where a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." *Bilinsco Inc. v. Harris Cnty. Appraisal Dist.*, 321 S.W.3d 648, 654 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (quoting *Bailey v. Gardner,* 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.)). Equitable tolling is a "sparingly" invoked doctrine. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). It focuses primarily on an "excusable ignorance of the limitations period." *Lehman v. United States,* 154 F.3d 1010, 1016 (9th Cir.1998). The State cannot rely on equitable tolling to avoid the consequences of own conduct. *Id*.; *Hand v. Stevens Transp., Inc. Employee Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App.—Dallas 2002, no pet.).

**PRAYER**

For these reasons, Appellees, Titan Land Development, Inc. and Bauer-Hockley 550, LP, request that this Court affirm the trial court's judgment, that all

10

costs of this appeal be taxed against Appellant, and for such and other further relief to which it may show itself entitled.

Respectfully submitted,

MCFARLAND PLLC

/s/ Charles B. McFarland_____
Charles B. McFarland
State Bar No. 00794269
712 Main Street, Suite 1500
Houston, Texas 77002-3207
Tel 713.325.9701
Fax 844.270.5032
cmcfarland@mcfarlandpllc.com

ATTORNEYS FOR APPELLEES,
Titan Land Development, Inc. and
Bauer-Hockley 550, LP

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March, 2015, a true and correct copy of the above and foregoing was forwarded by certified mail, return receipt requested, to the following:

Susan Desmarais Bonnen
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
susan.bonnen@texasattorneygeneral.gov
*Attorney for Appellant*

/s/ Charles B. McFarland_____
Charles B. McFarland

11

<u>CERTIFICATE OF COMPLIANCE</u>

As required by Rule 9.4(i) (3) of the Texas Rules of Appellate Procedure, I certify that the foregoing Brief of Appellees contains 2,590 words, excluding the parts of the document that are exempted by Rule 9.4(i)(1). I have relied on the word count of Microsoft Word 2010, the computer program used to prepare the document, in completing this certificate.

<u>/s/Charles B. McFarland</u>_____
Charles B. McFarland